JONES, Justice.
This appeal requires this Court’s construction of Section 5 of Act No. 79-688 and the applicable amendatory provisions of Act No. 80-724 (Code 1975, § 23-1-104).
Prior to 1979, ten Alabama counties [1] did not maintain county road or highway departments and were known as “captive counties,” because the road and bridge work in each county was accomplished by the State and its employees. Act No. 79-688, however, transferred these functions to the counties, provided for a voluntary transfer of up to 75 per cent of the State highway personnel operating in the county to the new county system (at the same rate of pay), and directed that:
“[a]ll present and accumulated obligations due and payable to the present employees as a result of their employment with the State Highway Department shall be the obligation of the State of Alabama, including but not limited to accumulated sick leave, vacation time and retirement and any other accumulated benefits earned by the said employees, payment shall be made to the employees on or before effective date of the Act.”
At the time of the transfer, the State interpreted “obligations” as not including sick leave benefits. Such benefits, according to the State, were not “due and payable” upon an employee’s transfer; rather, such benefits were a continuing obligation of the State, payable for such leave taken by an employee or upon his retirement pursuant to § 36-26-36. This interpretation is the basis of this appeal.[2]
Plaintiffs contend that the 1979 Act mandates the State’s payment of the accumulated sick leave benefits and that its refusal to pay impairs the obligation of Plaintiffs’ contracts with the State.
Subsequent to the trial of the first of the three cases, but prior to the rendition of a final order in that case, Act No. 79-688 was amended to read as follows:
“The state highway department shall furnish a list to each captive county with the name, position, rate of pay and length of service of all persons who are presently employed by the state highway department in the respective captive county. The respective counties may employ personnel not to exceed 75 percent of the *33 employees on the list furnished by the state highway department for the construction, repair and maintenance of county roads and bridges in accordance with personnel policy as adopted by the respective counties. The remaining employees now employed by the state highway department in each said county shall remain an employee of the state highway department subject to the regular employment practices of said department. All persons employed by each respective county shall be paid at the same rate of pay as was paid by the state highway department. All present and accumulated obligations due and payable to the present employees as a result of their employment with the state highway department shall be the obligation of the state of Alabama, including but not limited to, accumulated sick leave, vacation time and retirement and any other accumulated benefits earned by the said employees. Payment shall be made to the employees on or before the effective date of this article. Provided, however, that the state highway department shall pay to the respective county governing body an amount equal to 100 percent of the value of the accumulated sick leave for the account of each employee who transfers to the captive county. Such funds shall be held in trust for the employee and shall be used to pay such employee for approved sick leave. In lieu of the funds being held in trust for future approved sick leave, the employee may elect to accept an amount equal to 50 percent of the value of the then accumulated sick leave in full settlement and payment of his accrued sick leave account. Approved sick leave shall be that leave so designated by any county merit system to which the employee may transfer, or such leave as approved by the county governing body, or the county engineer at the direction of the county governing body." (Emphasis supplied to indicate amendato-ry language of Act No. 80-724.)
It was stipulated that the outcome of this action will affect 380 employees and $602,-285.61 in accumulated sick leave benefits.
The trial court’s Final Order held that the 1980 Amendment had no effect upon the instant cases, because:
“[t]hese causes of action were commenced and were pending .. . when Act No. 80-724 was approved, and cannot in this Court’s opinion be taken away or compromised by subsequent legislation.
“. .. Accordingly, the Court finds and determines that all plaintiffs in all the above causes are entitled to be paid for 100% of the sick leave which they had accumulated upon the effective date of Act No. 79-688....”
We affirm.
In accord with the trial court’s holding in the instant cases is the early Supreme Court decision in Goulding Fertilizer Co. v. Blanchard, 178 Ala. 298, 59 So.2d 485 (1912). There, this Court, when asked to construe legislation relating to the reformation of description mistakes in deeds, held that such a task was unnecessary because:
“... at the time of [the act’s] passage this suit was already pending. The act is not remedial, but is, on the contrary, definitive of substantive rights, and cannot be applied to pending suits without violating section 95 of the Constitution, which declares that, ‘after suit has been commenced on any cause of action, the Legislature shall have no power to take away such cause of action, or destroy any existing defense' to such suit.’ ” Gould-ing, at 309, 310, 59 So.2d 485.
The State contends that the 1980 amendment is remedial in nature. Remedial legislation, the State says, does not “create, enlarge, diminish, or destroy contractual or vested rights but relate[s] only to remedies or modes or procedure [and is] not within the general rule against retrospective operation, but [is] generally held to operate retrospectively.” The State also says that “A remedial or procedural statute may also be applied to pending actions.”
While we agree with the substance of the State’s argument with respect to the characteristics of remedial legislation, we cannot say that the amendatory language now *34 at issue is remedial. Indeed, the effect of Act No. 80-724 is to create substantive rights in employees who choose to transfer to the new highway departments of the various, heretofore “captive,” counties.
Under the terms of the 1979 “pre-amendment” legislation, payment for accumulated employee benefits was to be made to the employees. The 1980 Act, however, provided for an option to be exercised by each transferring employee: the payment of 100% of the employee’s accrued sick leave benefits to the county to which he or she transferred, or payment of 50% of “the value of the then accumulated sick leave in full settlement and payment of his accrued sick leave account.” This right of option was a creation of the 1980 amendment and is a substantive right in the affected employees — a right which is materially less than the right created by the 1979 Act.
This Court’s decision in Tennessee Coal & Iron Division, U. S. Steel Corp. v. Hubbert, 268 Ala. 674, 110 So.2d 260 (1959), was similarly concerned with amendatory language, but the amended legislation concerned workmen’s compensation awards. The amendment, passed after the workman’s injury and award but before his death from unrelated causes, stated, in part:
“ Tf a workman has sustained a permanent disability, the degree of which has been agreed upon by the parties or has been ascertained by the court,, and death results not proximately therefrom, his widow and/or dependent children shall be entitled to the balance of the payments which would have been due and payable to the workman.’ ” Hubbert, 268 Ala. at 676, 110 So.2d 260.
This right in the widow and/or dependent children was created by the amendment and had not existed prior to that time. This Court rejected the claimants’ interpretation of the amendment as remedial and held that the amendment created new substantive rights and was, therefore, prospective in operation.
With this in mind, we turn to Plaintiffs’ allegations that the amendment itself is unconstitutional, specifically with respect to § 22, which prohibits ex post facto laws or laws impairing the obligation of contracts, and to § 95, which states that “[ajfter a suit has been commenced on any cause of action, the Legislature shall have no power to take away such cause of action, or destroy any existing defense to such suit.”
We need not decide whether the 1980 Act is facially unconstitutional. The proscriptions addressed in sections 22 and 95 are in the context of substantive rights. As Hub-bert, supra, makes clear, where the new substantive rights created by the amendment have any prospective field of operation, the amendment is constitutionally sound. By the same token, sections 22 and 95 prohibit retroactive application of the amendment, as contended by the State.
We hold, therefore, that Plaintiffs’ rights to their accumulated benefits, which arose under the language of the 1979 Act, are unaffected by the amendatory language of Act No. 80-724. That being so, the accumulated sick leave benefits are “due and payable to the present employees as a result of their employment with the state highway department shall be the obligation of the state of Alabama....” Furthermore, payment of those benefits is due to be made to those employees; thus, the judgment appealed from is affirmed.
AFFIRMED.
All the Justices concur, except ADAMS, J., not sitting;

. Cherokee, DeKalb, Jackson, Colbert, Cullman, Lauderdale, Lawrence, Winston, Franklin, and Baldwin.

. Three civil actions, all of which were based upon these facts, and one of which was a class action, were consolidated by court orders on May 21, 1980, and October 24, 1980.