On April 12, 1989, Edmon L. Rinehart filed a complaint and request for refund in Montgomery County Circuit Court against James Sizemore (commissioner) on behalf of Rinehart and all members of a proposed class comprised of all former members of the United States Armed Forces or their survivors, who were subject to payment of Alabama state income tax on their military retirement benefits and survivor benefits or who had previously paid Alabama state income tax on said benefits.
Rinehart contended that pursuant to § 40-18-19(a)(1) and (2), Code 1975, a total exemption from Alabama state income tax was granted to individuals who received retirement benefits due to their state employment. In contrast, Rinehart pointed out that pursuant to § 40-18-20, Code 1975, only a limited exemption was granted to recipients of military retirement and survivor benefits. He asserted that the foregoing distinction was a discriminatory taxation scheme and that, pursuant to4 U.S.C.A. § 111 (West 1985) (the Public Salary Tax Act of 1939) and the doctrine of intergovernmental tax immunity, as well as §40-18-3, Code 1975, all military retirement income and related survivor benefits were exempted from state taxation.
On April 14, 1989, a second complaint was filed by Fred Melof against Guy Hunt, in his capacity as governor; the commissioner; and George Wallace, Jr., in his capacity as state treasurer. Melof also filed his complaint individually and as a representative of a proposed class made of all federal government retirees receiving income from annuity sources other than from the United States government civil service retirement and disability fund, local government retirees, and private retirees. Melof also alleged that the taxation scheme was discriminatory, that it was in violation of the intergovernmental tax immunity doctrine, and that it was in violation of the equal protection clause of the *Page 1066 Fourteenth amendment to the United States Constitution.
On April 17, 1989, a third complaint was filed by C.A. Olts, individually and as a representative of a proposed class consisting of persons who had paid, or would pay, state income tax on United States military retirement compensation. Olts's complaint was filed against the commissioner.
After numerous motions filed by the parties, the trial court entered an order certifying the class in the Melof action as being "composed of all citizens of Alabama who have been assessed by the State of Alabama for state income taxes upon retirement compensation, allowances, pensions or annuities for calendar years 1988, 1987, 1986 or 1985 or who have paid such taxes to the State of Alabama during calendar years 1989, 1988, 1987, 1986 or 1985, and the certified class is further subdivided into sub-classes which are also certified." The trial court conditionally certified the class so as to allow the defendants to timely object to the class certification.
Likewise, another order granting conditional certification of the class was entered in the Rinehart action. The class in that action was defined as including "any and all former officers and employees of the Tennessee Valley Authority or their survivors, all former officers and employees of the United States Foreign Service or their survivors, and all employees of the United States or their survivors who are not recipients of benefits under the United States government civil service retirement and disability fund which are subject to payment of Alabama state income tax on retirement benefits and survivor benefits derived therefrom or have paid Alabama state income tax on such benefits prior to the date of class certification."
A motion for consolidation was filed by Melof, as well as a motion requesting recusal on the part of one of the trial judges. The three cases were consolidated after a hearing in which none of the parties showed cause as to why the cases should not be consolidated. However, the motion for recusal was denied and later upheld by the Alabama Supreme Court in Exparte Melof, 553 So.2d 554 (Ala. 1989).
On December 28, 1989, the trial court, after being presented a proposed stipulation by counsel for the three actions, entered an order which, among other things, severed the non-federal litigants in the Melof action; reaffirmed the class previously certified in Rinehart, which was composed of "all recipients of military or other federal non-civil service retirement or survivor benefits who have paid, or are subject to payment of, state income taxes on such benefits;" dismissed the Olts action and the claims of the military and other federal litigants in Melof and amended the Rinehart complaint to include these plaintiffs; recognized all counsel of record in Melof and Olts as additional counsel in the Rinehart action; and formed a plaintiff's litigation committee.
On January 23, 1990, the trial court entered an order denying the commissioner's motion to de-certify the class. In that order, the trial court also made its prior order certifying the class final and defined the class as being "all recipients of military or other federal non-civil service retirement or survivor benefits who have paid, or are subject to payment of, state income tax on such benefits." The trial court further held that "[t]he Alabama income taxation scheme,Ala. Code §§ 40-18-5, 40-18-19 and 40-18-20 (1975) as it is and has been applied to the retirement and survivor benefits of Plaintiffs' class is hereby declared to be void and illegal as a violation of the constitutional doctrine of intergovernmental tax immunity, and the Public Salary Tax Act of 1939."
Then, on October 9, 1990, the court entered its order concerning the refund of the taxes that had been collected under the income taxation scheme. In its October order, the trial court found that pursuant to § 40-18-43, Code 1975, the class was to receive refunds of all taxes paid within three years prior to the date that the class filed its complaint, which was April 12, 1989, and entered a judgment in favor of the class for such amount. The trial court then ordered the commissioner to examine *Page 1067 
all tax returns filed by the class since April 12, 1986. The commissioner was then "directed to determine the amount of federal retirement or survivor benefits reported on such returns as taxable income, apply the tax rate applied by the taxpayer to the amount of the federal benefits reported and, then, determine the amount of excessive taxes paid by each member of the class."
The commissioner appeals, asserting (I) that Alabama's income taxation scheme of military retirees did not violate the intergovernmental tax immunity doctrine; (II) that the class certification was inappropriate in an income tax refund case; and, (III) that the trial court erred in not limiting its decision to prospective application.
 I
We first address whether the Alabama income taxation scheme of military retirees violated the doctrine of intergovernmental tax immunity and 4 U.S.C.A. § 111 (West 1985). The commissioner does not argue this issue as to the other members of the class.
Initially, we note that the trial court found Alabama's income taxation scheme to be illegal based on the new rule of law announced in Davis v. Michigan Dep't of Treasury,489 U.S. 803, 109 S.Ct. 1500, 103 L.Ed.2d 891 (1989). In Davis, the Supreme Court held that the taxation scheme of Michigan, which exempted from taxation all retirement benefits paid by the state or its political subdivisions, but which levied an income tax on retirement benefits paid by all other employers, including the federal government, was violative of4 U.S.C.A. § 111 (West 1985) and the intergovernmental tax immunity doctrine.
The Supreme Court held in Davis that, "[u]nder our precedents, 'the imposition of a heavier tax burden on [those who deal with one sovereign] than is imposed on [those who deal with the other] must be justified by significant differences between the two classes.' " 109 S.Ct. at 1508.
The commissioner argues that although such significant differences did not exist between the federal civilian retirees and the state and local retirees in the Michigan case, a significant difference does exist between military retirement and state employee retirement so as to justify Alabama's taxation of military retirement.
The distinction justifying the different tax treatment, according to the commissioner, is that military retirement is not true retirement, because of the fact that military retirees are receiving current compensation for reduced services, rather than deferred compensation, which is the case of state government retirees. However, we see no such distinction between retired state employees and retired military employees.
Those statutes which set up the scheme for retirement of persons in the military services all indicate that those persons are "retired" in the same sense as non-military retirees. See 10 U.S.C.A. § 3911 (West 1959 and Supp. 1991);10 U.S.C.A. § 684(b) (West 1983); 10 U.S.C.A. § 688 (West 1983);10 U.S.C.A. §§ 1447-1455 (West 1983). We cannot accept the commissioner's argument that because military personnel are subject to recall at any time, they are not "retired" just like a state government retiree. Consequently, the trial court was correct in holding that the Alabama taxation scheme which favored retired state employees over retired military employees violated the doctrine of intergovernmental tax immunity and4 U.S.C.A. § 111 (West 1985).
 II
The second assertion made by the commissioner on appeal is that class certification is inappropriate in an income tax refund case. We disagree.
In Thorn v. Jefferson County, 375 So.2d 780, 788 (Ala. 1979), our supreme court held that "the statutory procedure for refund of taxes does not apply where the assessment complained of is void and illegal" and that "a class action was a proper remedy for the recovery of any taxes which were paid illegally." Here, the taxation scheme has been declared to be "void and illegal" as a violation of the doctrine of intergovernmental *Page 1068 
tax immunity and 4 U.S.C.A. § 111. Consequently, a class action in this tax refund case is a proper remedy.
 III
Finally, the commissioner argues that the ruling should be restricted to prospective application only. The commissioner contends that no constitutional doctrine exists which prohibits a prospective application and, that when a court determines a statute to be unconstitutional, it must weigh the equities in deciding whether to give retroactive relief. In support of his argument for prospectivity, the Commissioner relies on the criteria as set forth by the United States Supreme Court inChevron Oil Co. v. Huson, 404 U.S. 97, 92 S.Ct. 349,30 L.Ed.2d 296 (1971).
However, in the recent case James B. Beam Distilling Co. v.Georgia, ___ U.S. ___, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991), the United States Supreme Court determined that when it announces a rule of law and applies it to the litigants in one case, then the Court must apply the new rule of law retroactively to all others who are not barred by procedural requirements or the doctrine of res judicata.
In Beam, the Court held:
 "The question presented is whether our ruling in Bacchus Imports, Ltd. v. Dias, 468 U.S. 263, 104 S.Ct. 3049, 82 L.Ed.2d 200 (1984), should apply retroactively to claims arising on facts antedating that decision. We hold that application of the rule in that case requires its application retroactively in later cases.
". . . .
 ". . . In most decisions of this Court, retroactivity both as to choice of law and as to remedy goes without the saying. Although the taxpaying appellants prevailed on the merits of their Commerce Clause claim, however, the Bacchus Court did not grant outright their request for a refund of taxes paid under the law found unconstitutional. Instead, we remanded the case for consideration of the State's arguments that appellants were 'not entitled to refunds since they did not bear the economic incidence of the tax but passed it on as a separate addition to the price that their customers were legally obligated to pay.' 'These refund issues, . . . essentially issues of remedy,' had not been adequately developed on the record nor passed upon by the state courts below, and their consideration may have been intertwined with, or obviated by, matters of state law.
 "Questions of remedy aside, Bacchus is fairly read to hold as a choice of law that its rule should apply retroactively to the litigants then before the Court. . . . Because the Court in Bacchus remanded the case solely for consideration of the pass-through defense, it thus should be read as having retroactively applied the rule there decided. See also . . . Davis v. Michigan Dept. of Treasury, 489 U.S. 803, 817, 109 S.Ct. 1500, 1508, 103 L.Ed.2d 891 (1989).
 "Bacchus thus applied its own rule, just as if it had reversed and remanded without further ado, and yet of course the Georgia courts refused to apply that rule with respect to the litigants in this case. Thus, the question is whether it is error to refuse to apply a rule of federal law retroactively after the case announcing the rule has already done so. We hold that it is, principles of equality and stare decisis here prevailing over any claim based on a Chevron Oil analysis.
". . . .
 "Nor, . . . are litigants to be distinguished for choice-of-law purposes on the particular equities of their claims to prospectivity: whether they actually relied on the old rule and how they would suffer from retroactive application of the new. It is simply in the nature of precedent, as a necessary component of any system that aspires to fairness and equality, that the substantive law will not shift and spring on such a basis. To this extent, our decision here does limit the possible applications of the Chevron Oil analysis, however irrelevant Chevron Oil may otherwise be to this case. Because the rejection of modified prospectivity precludes retroactive application of a new rule to some litigants when it is not *Page 1069 
applied to others, the Chevron Oil test cannot determine the choice of law by relying on the equities of the particular case.
". . . .
 ". . . [W]hen the Court has applied a rule of law to the litigants in one case it must do so with respect to all others not barred by procedural requirements or res judicata."
___ U.S. at ___, ___ _ ___, ___, ___, 111 S.Ct. at 2441,2445-2446, 2447, 2448 (citations omitted).
The decision in Beam essentially limited the possible application of the criteria in Chevron Oil and now prohibits a prospective application in this case due to the Court's decision in Davis. In Davis, the Court held that the Michigan income tax scheme was invalid and that the litigant was entitled to a refund of taxes paid in previous years. Thus, the Court applied the rule of law announced in Davis retroactively, and "it is error to refuse to apply a rule of federal law retroactively after the case announcing the rule has already done so." Beam, 111 S.Ct. at 2446. The Beam decision also referred to and cited Davis as having been applied retroactively. Beam, 111 S.Ct. at 2445-446.
In view of Davis and the holding in Beam, we have no choice but to give the litigants in this case the same retroactive application given the litigant in Davis. Therefore, we hold that the taxpayers in this case are entitled to refunds as ordered by the trial court.
We note that the amount of refunds due to be paid to the class in this case exceeds $17,700,000. This court is mindful of the impact this amount of refund will have on the state's treasury; however, refusing to follow a decision of the United States Supreme Court would be an act of futility and show a lack of judicial responsibility. Also, it would cause further delay in the disposition of this case, thereby causing a greater impact on the state treasury due to the statutorily mandated 12% per annum post-judgment interest which is accumulating on the approximate $17,700,000. § 8-8-10, Code 1975; Rule 37, Alabama Rules of Appellate Procedure. We further note that, in response to the Davis decision, the Alabama legislature enacted Act No. 90596 which amended §§ 40-18-19 and40-18-20, Code 1975, granting a full exemption from Alabama income tax to the members of this class, so that these taxation statutes would not be in violation of 4 U.S.C.A., § 111 (West 1985) and the doctrine of intergovernmental tax immunity.
The judgment of the trial court is due to be affirmed.
Due to one of the members of this court electing not to sit on this appeal, the Presiding Judge has requested Retired Appellate Judge Robert P. Bradley, who serves on active duty status as a judge of this court under the provisions of §12-18-10(e), Code 1975, to sit on this appeal.
AFFIRMED.
RUSSELL and BRADLEY, JJ., concur.
THIGPEN, J., not sitting.