YATES, Judge.
The plaintiffs, on behalf of a class of more than 800 federal law enforcement officers, sued the State of Alabama commissioner of revenue, seeking a judgment declaring that the State law enforcement officers’ $8-per-day subsistence allowance exemption from Alabama income tax, pursuant to § 36-21-2(b), Ala.Code 1975, creates a discriminatory tax scheme in violation of the intergovernmental tax immunity doctrine and 4 U.S.C.A., § 111 (West 1985) (the Public Salary Tax Act of 1939). The plaintiffs moved for a summary judgment. The parties entered a joint stipulation of facts, agreeing that the issue could be resolved as a matter of law. The court entered a summary judgment in favor of the commissioner; the plaintiffs appeal.
The undisputed facts are as follows: All employees of the State of Alabama are paid *390 according to the Merit System Act. §§ 36-26-1 through -108, Ala.Code 1975. Certain state law enforcement officers receive an $8-per-working-day subsistence allowance, pursuant to § 36-21-2(a). Section 36-21-2(b) specifically exempts the allowance from Alabama income tax.
In 1977, the Alabama Legislature enacted a joint resolution stating that the subsistence allowance was never intended to be compensation. According to the resolution, the allowance was intended as a reimbursement for meal expenses incurred while the officers are on duty. The legislature recognized that officers’ duties routinely removed them from their home base, thereby necessitating the purchase of meals. Act No. 763, 1973 Regular Session (Ala. Acts 1973, p. 1145).
The plaintiffs do not receive any form of daily subsistence allowance that is comparable to the state officers’ allowance. The plaintiffs, however, are reimbursed per diem for business travel expenses. The state officers also receive travel reimbursement, in addition to the subsistence allowance. Neither the plaintiffs nor the state officers are taxed on their per diem reimbursements.
The dispositive issue is whether the tax scheme at issue violates the doctrine of intergovernmental tax immunity and 4 U.S.C.A, § 111.
The intergovernmental tax immunity doctrine is a core tenet of federalism that prevents either the Federal Government or the state governments from directly taxing the activities of the other. Davis v. Michigan Department of Treasury, 489 U.S. 803, 109 S.Ct. 1500, 103 L.Ed.2d 891 (1989). “[Ujnder current intergovernmental tax immunity doctrine the States can never tax the United States directly but can tax any private parties with whom it does business ... as long as the tax does not discriminate against the United States or those with whom it deals.” South Carolina v. Baker, 485 U.S. 505, 523, 108 S.Ct. 1355, 1366, 99 L.Ed.2d 592 (1988). Section 111, 4 U.S.C.A., provides, in part, that states may tax the pay of federal employees for personal services if such taxation does not discriminate because of the “source” of the compensation.
In Davis, the United States Supreme Court considered the validity of Michigan’s income taxation of Federal Government benefits, based on the intergovernmental tax immunity doctrine and § 111. Under Michigan’s tax scheme, the retirement benefits received by former state and local government employees were exempt from Michigan income tax, but the retirement benefits received by all other persons, including former employees of the Federal Government, were subject to Michigan tax. The Supreme Court held that § 111 and the intergovernmental tax immunity doctrine forbids Michigan from treating federal and state retirement income differently for tax purposes.
Subsequently, in Sizemore v. Rinehart, 611 So.2d 1064 (Ala.Civ.App.1992), cert. quashed, 611 So.2d 1069 (Ala.1993), this court held that Alabama’s income taxation of military retirement benefits violated § 111 and the doctrine of intergovernmental tax immunity.
The plaintiffs rely on the same analysis applied in Davis and Rinehart to support their position. We, however, are of the opinion that the situation here is not analogous to the situation in either Davis or Rinehart.
It is undisputed that the plaintiffs do not receive a comparable daily subsistence allowance from the Federal Government. It is also undisputed that the regular merit system salary of the state officers is taxed the same as the regular pay of the plaintiffs. Alabama is not giving differential tax treatment based on the “source” of the income. It simply is not giving a tax credit to law enforcement officers for pay not received.
In entering the summary judgment in favor of the commissioner, the court concluded:
“The inter-governmental tax immunity doctrine requires States to treat both federal and state employees the same but it does not require a State to give tax credits to employees for compensation not actually received by them. The Alabama Legislature chose to provide certain law enforcement officers with an additional allowance and the federal government has not. Whether or not federal law enforcement officers are given such benefits is in the province of the federal government and not *391 state government or this Court. Of course, if they did receive such an allowance the State of Alabama would be required to give the same tax benefits to them as provided to state law enforcement officers.”
We find the court’s order to be sound and well reasoned. We agree that the tax scheme in question does not discriminate because of the “source” of the pay or compensation and, therefore, does not violate the intergovernmental tax immunity doctrine or § 111.
AFFIRMED.
ROBERTSON, P.J., and MONROE, CRAWLEY, and THOMPSON, JJ., concur.