James K. Lyons, in his official capacity as director of the Alabama State Port Authority[1] ("the port authority"), petitioned this Court, pursuant to Rule 5, Ala.R.App.P., for permission to appeal from the trial court's denial of his motion to dismiss a case pending below based upon the doctrine of State immunity provided in Art. I, *Page 259 
§ 14, Alabama Constitution of 1901.[2] We granted permission to appeal, and we reverse and remand.
 I. Facts and Procedural History
On September 10, 1998, the port authority contracted with Ben Radcliff Contractor, Inc. ("Radcliff"), to construct a liquid-bulk terminal at the Theodore Ship Turning Basin located at the Port of Mobile. On October 2, 1998, Radcliff entered into a subcontract with River Road Construction, Inc. ("River Road"), for the dredging portion of the project.
River Road alleges that in developing its bid to Radcliff for the dredging it relied upon the soil-boring data in a report prepared by Southern Earth Sciences, Inc. The report was commissioned by the port authority, and it indicated that the material involved in the dredging work consisted of sand and clay. However, after River Road began dredging, it encountered a substantial presence of rock, which made the dredging work more difficult and more expensive. River Road alleges that when it became aware of the presence of rock in the area to be dredged it gave notice of the unforeseen conditions to Radcliff and the port authority. River Road completed the dredging work; it alleges that it incurred additional expenses of $1,108,944 in dredging the unanticipated rock. The port authority refused to pay River Road the additional expenses.
On June 12, 2000, River Road filed a complaint against the port authority with the State Board of Adjustment ("the Board") demanding payment of its additional expenses. The port authority filed with the Board a motion to dismiss the complaint for lack of jurisdiction. In its response to the port authority's motion to dismiss, River Road acknowledged that its action against the port authority could not be submitted to a court because it was constitutionally barred by the doctrine of State immunity.
On March 23, 2001, while its claim before the Board was pending, River Road sued Lyons in his official capacity as director of the port authority. River Road alleged that the soil-boring data report Lyons furnished it and on which it relied in submitting its bid for the dredging project was misleading because the report failed to disclose the substantial quantity of rock. River Road alleged that the rock composition was "unforeseen by the parties when dredging bids were made and accepted," and that the amount of its bid would have been greater had it known that the basin was composed of rock. River Road requested a declaration of its rights and further requested the court to compel Lyons to perform his "legal duty" to pay River Road for the additional expenses of $1,108,944.
The Board subsequently dismissed River Road's claim against the port authority on the basis that it lacked jurisdiction of the claim. Lyons filed a motion in the circuit court to dismiss the complaint against him, arguing that River Road's action was barred by the doctrine of State immunity. River Road argued in response to Lyons's motion to dismiss that its action was not precluded by the doctrine of State immunity because, it says (1) its action was brought to compel a State official to perform a legal duty, (2) its action was brought to compel a State official to perform a ministerial act, and (3) its action *Page 260 
was brought under the Declaratory Judgment Act, § 6-6-220 et seq., Ala. Code 1975.
In a letter brief dated April 23, 2002, River Road urged the trial court to adopt the principles expressed in Sizemore v. Rinehart,611 So.2d 1064 (Ala.Civ.App. 1992), and Kemp v. Britt, 410 So.2d 31
(Ala. 1982). River Road argued that the plaintiffs in both Sizemore andKemp obtained declaratory judgments and injunctive relief against State officials, notwithstanding § 14, Ala. Const. of 1901, because the State owed the plaintiffs a legal obligation.
On July 24, 2002, the trial court entered an order denying Lyons's motion to dismiss; the court helpfully explained its ruling as follows:
 "At first blush it would certainly appear that this is either a suit against the State for money damages or a request for an advisory opinion, neither of which is a proper subject for consideration by this Court. However, [River Road] cites several cases which appear to support its position.
 "In Sizemore v. Rinehart, 611 So.2d 1064
(Ala.Civ.App. 1992), the trial court's determination that taxes were improperly collected and due to be refunded was affirmed. The Petition for Writ of Certiorari was quashed as improvidently granted. Ex parte Sizemore, 611 So.2d 1069 (Ala. 1993). Dissenting from that action[,] Justice Houston . . . concluded that the suit was an action against the State seeking funds from the treasury and, as such, should be barred by § 14 of the [State] Constitution. See also Kemp v. Britt, [410] So.2d 31 (Ala. 1982), a case in which the plaintiffs sought and obtained a declaration that the State owed them certain monetary benefits.
 "If Justice Houston is right in his analysis of Sizemore, and I think he is, the Alabama courts have allowed cases analogous to this to proceed despite the apparent Constitutional prohibition. The motion to dismiss is denied."
 II. Standard of Review
The appropriate standard of review of a trial court's denial of a motion to dismiss is whether "when the allegations of the complaint are viewed most strongly in the pleader's favor, it appears that the pleader could prove any set of circumstances that would entitle [the pleader] to relief." Nance v. Matthews, 622 So.2d 297, 299 (Ala. 1993); Raley v.Citibanc of Alabama/Andalusia, 474 So.2d 640, 641 (Ala. 1985). This Court does not consider whether the plaintiff will ultimately prevail, but only whether the plaintiff may possibly prevail. Nance, 622 So.2d at 299. A "dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." Nance, 622 So.2d at 299; Garrett v. Hadden,495 So.2d 616, 617 (Ala. 1986); Hill v. Kraft, Inc., 496 So.2d 768, 769
(Ala. 1986).
 III. Analysis
The port authority is an agency of the State of Alabama. See §33-1-2, Ala. Code 1975; Alabama State Docks Terminal Ry. v. Lyles,797 So.2d 432, 434 (Ala. 2001). The Legislature has given the port authority the power to construct, own, and operate structures and facilities "needed for the convenient use of the port authority in the aid of commerce, including the dredging of approaches thereto." §33-1-12, Ala. Code 1975. The port authority has the power "[t]o enter into contracts with . . . private persons, firms, [and] corporations . . ., in furtherance of its public purposes and objects. . . ." §33-1-12.1(6), Ala. Code 1975. As a State agency, the *Page 261 
port authority cannot be sued for money damages. Lyles, 797 So.2d at 434;Jones v. Alabama State Docks, 443 So.2d 902 (Ala. 1983) (an action for damages against the Alabama State Docks Department is prohibited by the doctrine of State immunity); State Docks Comm'n v. Barnes, 225 Ala. 403,143 So. 581 (1932).
The immunity that protects the port authority is derived from Art. I, § 14, Ala. Const. of 1901. Section 14 provides "[t]hat the State of Alabama shall never be made a defendant in any court of law or equity." Under § 14, the State and its agencies are absolutely immune from suit. Ex parte Franklin County Dep't of Human Res., 674 So.2d 1277, 1279
(Ala. 1996). State officers sued in their official capacities are also "`absolutely immune from suit when the action is, in effect, one against the state.'" Williams v. John C. Calhoun Cmty. Coll., 646 So.2d 1, 2
(Ala. 1994) (quoting Phillips v. Thomas, 555 So.2d 81, 83 (Ala. 1989)). The State cannot be sued indirectly by suing an officer in his or her official capacity when a judgment against the officer would directly affect the financial status of the State treasury. Barnes,225 Ala. at 405, 143 So. at 582; Alabama State Docks v. Saxon, 631 So.2d 943, 946-47
(Ala. 1994) (holding that the director of the Alabama State Docks Department was entitled to State immunity).
This constitutionally guaranteed principle of State immunity acts as a jurisdictional bar to an action against the State by precluding a court from exercising subject-matter jurisdiction. Lyles, 797 So.2d at 435. Therefore, if Lyons is protected by State immunity, we must dismiss the action against him for lack of subject-matter jurisdiction. See Lyles, 797 So.2d at 435; see also Patterson v. Gladwin Corp., 835 So.2d 137
(Ala. 2002).
 A. Cases Relied upon by the Trial Court
We first address the holdings of Sizemore, supra, and Kemp, supra, relied upon by the trial court.[3] In Sizemore, the plaintiffs challenged the constitutionality of State statutes that taxed the plaintiffs' military retirement benefits differently than the retirement benefits received by individuals "due to their state employment." 611 So.2d at 1065. The Court of Civil Appeals affirmed the trial court's judgment, holding that the statutory scheme violated the doctrine of intergovernmental tax immunity and authorizing the trial court to order refunds to the plaintiffs. 611 So.2d at 1067, 1069. This Court granted certiorari review of the case and then quashed the writ as improvidently granted. Ex parte Sizemore, 611 So.2d 1069 (Ala. 1993). In an opinion dissenting from quashing the writ, Justice Houston argued that "the State of Alabama was made a defendant in violation of § 14 of the Alabama Constitution" and that the action impermissibly sought funds from the State treasury as a remedy. 611 So.2d at 1071.
Relying upon State immunity compelled by § 14, we adopted inPatterson, supra, the rationale of Justice Houston and overruled the holding of the Court of Civil Appeals in Sizemore. In Patterson, the plaintiffs sued the commissioner of the Revenue Department and sought refunds of previously paid corporate franchise taxes. 835 So.2d at 140. The plaintiffs failed to invoke the administrative procedures provided in the Taxpayers' Bill of Rights and Uniform Revenue Procedures Act ("TBOR"), and instead, relied upon Sizemore, *Page 262 
pursuant to which the taxpayers sued the State directly. The commissioner in Patterson argued that a direct action seeking a tax refund from the State treasury was barred by the doctrine of State immunity. 835 So.2d at 142. This Court agreed and held that compliance with the TBOR was the exclusive means to obtaining a franchise-tax refund and that the plaintiffs' action constituted a direct action against the State in violation of the doctrine of State immunity. 835 So.2d 153-54.
In the present action, a judgment in favor of River Road would directly "affect the financial status of the state treasury." Barnes, supra,225 Ala. at 405, 143 So. at 582. Unlike the plaintiffs in Patterson, River Road did initially bring its claim before an administrative body. However, despite the Board's dismissal of its claim, River Road cannot now bring an indirect action against the State by suing a State official. Such an action impermissibly seeks funds from the State treasury. Patterson, 835 So.2d at 142; Barnes, supra, 225 Ala. at 405,143 So. at 582.
Nor does Kemp save River Road's claims. In Kemp, this Court construed an act that transferred the maintenance responsibilities for road and bridge work in 10 counties from the State Highway Department to the county in which the roads or bridges were located. 410 So.2d at 32. The act provided for a voluntary transfer of up to 75 percent of the State Highway Department employees operating in the counties to the new county system and directed the State to pay the employees their current and accumulated benefits. 410 So.2d at 32. The State refused to pay for accumulated sick leave. The employees sued the director of the State Highway Department and argued that the act mandated the payment of the employees' benefits, including accumulated sick leave benefits. 410 So.2d at 32. After the action was commenced, the act was amended to provide that the accumulated sick leave benefits be paid directly to the county and held in trust for the benefit of the employees. 410 So.2d at 33.
The only issue in Kemp was to whom the State should pay the benefits — the employees or the county. 410 So.2d at 34. No issue concerning § 14 was raised or discussed. Moreover, the act in question specifically stated that the benefits paid "shall be the obligation of the State of Alabama." 410 So.2d at 32. There is no statute mandating payment to River Road for its allegedly unforeseen expenses incurred in performing its dredging work.
 B. Exceptions to State Immunity
River Road argues that Lyons is not protected by State immunity because, it says, its action falls within the excepted actions that are not considered to be "against the State" for § 14 purposes. SeeGunter v. Beasley, 414 So.2d 41, 48 (Ala. 1982). Specifically, River Road alleges that the doctrine of State immunity does not preclude its claim against Lyons because, it argues, its action seeks a declaration of River Road's rights and seeks to compel Lyons to perform his legal duties. SeeGunter, 414 So.2d at 48. River Road also alleges for the first time in its brief to this Court that Lyons's actions fall outside the bar of State immunity because, it says, he acted "recklessly" in distributing the soil-boring data report.[4] We briefly address each exception in turn.
 i. Action Seeking a Declaratory Judgment
State immunity does not bar "[a]ctions brought under the Declaratory *Page 263 
Judgments Act, [§ 6-6-22 et seq., Ala. Code 1975,] seeking construction of a statute and how it should be applied in a given situation." Aland v. Graham, 287 Ala. 226, 230, 250 So.2d 677, 679
(1971); Curry v. Woodstock Slag Corp., 242 Ala. 379, 381, 6 So.2d 479,480-81 (1942) (an action seeking to construe the law and direct the parties to what is required of them under a given set of facts does not violate the doctrine of State immunity); § 6-6-222, Ala. Code 1975. River Road contends that by filing this action it is seeking to determine its rights relative to the statutory powers granted the port authority and its director in the applicable sections of Title 33, Code of Alabama 1975. See §§ 33-1-12 and -12.1. Lyons argues that River Road does not seek a declaration of rights under a statute and of how the statute should be applied, but instead seeks a declaration that the State should compensate River Road for its unforeseen expenses on the dredging project and an injunction to enforce that declaration. Lyons contends that River Road is attempting to characterize its claim as a declaratory-judgment action, when it is nothing more than an action for damages. We agree.
In Curry, supra, this Court described an action seeking a declaratory judgment:
 "Considering the true nature of a suit which is declaratory of controversial rights and seeks no other relief, but only prays for guidance both to complainant and the State officers trying to enforce the law so as to prevent them from making injurious mistakes through an honest interpretation of the law, and thereby control the individual conduct of the parties, albeit some of them may be acting for the State, it is our opinion that a suit between such parties for such relief alone does not violate section 14 of the Constitution."
242 Ala. at 381, 6 So.2d at 481. River Road is asking this Court to order the State to pay it $1,108,944 from the State treasury. As previously noted, no statute requires this payment. Moreover, River Road's argument that its claim falls within the ambit of the Declaratory Judgment Act because it seeks a determination as to the construction and application of the law as it applies to River Road's rights arising under a contract is unconvincing. No contract exists between the State and River Road to construe. River Road's action will not prevent a mistaken interpretation of the law because River Road has presented no law to interpret. SeeCurry, 242 Ala. at 381, 6 So.2d at 481.
The cases cited by River Road also fail to support its proposition that its action seeks only a declaration of its rights. See, e.g., Snow v.Abernathy, 331 So.2d 626, 631 (Ala. 1976) (determining the properrecipient of the decedent's State retirement benefits); Gunter, supra, 414 So.2d at 49 (addressing the constitutionality of House and Senate resolutions specifically requiring payment by the State of expenses incurred by a former lieutenant governor); Unzicker v. State, 346 So.2d 931
(Ala. 1977) (allowing an action against State officials when the plaintiffs alleged that the State officers acted beyond their authority).
ii. Action to Compel a State Official to Perform a Legal Duty
River Road argues that the doctrine of State immunity does not bar its claim against Lyons because, it says, its action seeks to compel a State officer to perform a duty prescribed by law. In its brief to this Court, River Road contends that "Alabama caselaw is clear that if a state agency or official purchases goods or services on behalf of a state agency pursuant to lawful authorization, then an action may be maintained to require payment for those goods or services." See Gunter, *Page 264 
414 So.2d at 47 (holding that the comptroller had a legal duty, as mandated by the Legislature, to make payments to a former lieutenant governor);Department of Indus. Relations v. West Boylston Mfg. Co., 253 Ala. 67,42 So.2d 787 (1949) (holding that the State agency was required to distribute funds comprised of contributions by employees and employers and to perform its duties pursuant to the statute); State of AlabamaHighway Dep't v. Milton Constr. Co., 586 So.2d 872 (Ala. 1991); StateBd. of Admin. v. Roquemore, 218 Ala. 120, 117 So. 757 (1928).
In Milton Construction, the State Highway Department contracted with Milton Construction, a private entity, to perform various highway construction projects. 586 So.2d at 873. The Highway Department withheld funds from Milton Construction based upon a disincentive clause in the contract, even though the disincentive clause had been declared void by this Court in Milton Construction Co. v. State Highway Department,568 So.2d 784 (Ala. 1990). The Highway Department based its refusal to pay, in part, on the doctrine of State immunity. This Court disagreed and stated:
 "Once the Highway Department has legally contracted under state law for goods or services and accepts such goods or services, the Highway Department also becomes legally obligated to pay for the goods or services accepted in accordance with the terms of the contract. It follows that this obligation is not subject to the doctrine of [State] immunity and is enforceable in the courts."
586 So.2d at 875 (emphasis added). Because the Highway Department had contracted with Milton Construction and had accepted its services, this Court held that the action was not barred by the doctrine of State immunity, "because it is in the nature of an action to compel state officers to perform their legal duties." 586 So.2d at 875.
In Roquemore, supra, the State Highway Department, acting through the State Board of Administration, contracted with the plaintiff for the purchase of hay. 218 Ala. at 122, 117 So. at 758. The Highway Department later refused to accept any further deliveries of hay and refused to pay for the hay it had already received. 218 Ala. at 122, 117 So. at 758. This Court acknowledged that the Highway Department was authorized by statute to purchase necessary materials and that the statute mandated payment for the materials from the State highway fund. 218 Ala. at 123,117 So. at 759. This Court held that the action was not barred by the doctrine of State immunity because a "clear legal duty" existed on behalf of the Highway Department to pay for the hay it had already accepted under the contract. 218 Ala. at 123, 117 So. at 759.
River Road incorrectly asserts that the facts in the present action are "almost identical" to the facts presented in Milton Construction andRoquemore. In Milton Construction and Roquemore, this Court addressed the statutory duties of the Highway Department as those duties related to the actions at issue in those cases, just as River Road cites the statutory authority allowing Lyons to enter into contracts with private entities on behalf of the port authority. Milton Construction, 586 So.2d at 875,Roquemore, 218 Ala. at 123, 117 So. at 759. However, the fundamental difference between the present action and Milton Construction andRoquemore is the existence in those cases of a contract to establish a "clear legal duty" on behalf of the State. Unlike Milton Construction andRoquemore, no contract exists between the port authority and River Road, a subcontractor of Radcliff, the prime *Page 265 
contractor, to bind the State to make any payments to River Road. River Road has failed to provide authority for the proposition that an entity with no contract with the State and a statutory mandate providing for payment can sue the State for money damages.[5]
iii. Action When Official's Actions Constitute Bad Faith
Actions against State officials in their individual capacities are not prohibited by the doctrine of State immunity where it is "alleged that [the State officials] . . . acted fraudulently, in bad faith, beyond their authority or in a mistaken interpretation of law." Gunter, supra, 414 So.2d at 48. River Road argues for the first time on appeal that Lyons acted "in such a manner as to constitute fraud, deceit, or bad faith when he supplied erroneous information regarding the soil composition of the dredge site to prospective bidders knowing the bidders would rely on that information." However, River Road alleges in its complaint only that the soil report prepared by Southern Earth Services, Inc., was misleading, that none of the parties had knowledge or warning of the rock content in the material to be dredged, and that Lyons had refused to compensate River Road for its unforeseen expenses in dredging the rock. Nothing in the complaint either indicates that Lyons's actions constitute fraud, deceit, or bad faith or that he is being sued in any capacity other than his official capacity. Lyons properly challenges River Road's failure to plead this theory in the trial court. We can affirm the trial court "on any ground developed in, and supported by, the record." Ex parte Ramsay, 829 So.2d 146, 155 (Ala. 2002). However, we would violate Lyons's rights to due process under the circumstances here presented if we were to affirm the trial court on the basis of a brand new theory never asserted in the trial court.
 IV. Conclusion
River Road's action is precluded by the doctrine of State immunity. We reverse the trial court's order denying Lyons's motion to dismiss and remand the case for the trial court to enter an order dismissing River Road's action for lack of subject-matter jurisdiction.
REVERSED AND REMANDED.
HOUSTON, BROWN, JOHNSTONE, HARWOOD, WOODALL, and STUART, JJ., concur.
MOORE, C.J., concurs in the result.
[1] The Alabama State Port Authority was formerly known as the Alabama State Docks Department. See § 33-1-2, Ala. Code 1975.
[2] The parties refer to the immunity afforded to a State officer sued in his official capacity in an action against the State as "sovereign immunity." The immunity available to the State and its officers in an action against the State is now referred to as "State immunity." Ex parteCranman, 792 So.2d 392, 396-97 (Ala. 2000). See also Ex parte Butts,775 So.2d 173 (Ala. 2000), adopting the new terminology and test introduced in Cranman.
[3] In its brief to this Court, River Road does not address the holdings of Sizemore and Kemp.
[4] In its brief to this Court, River Road does not address its earlier contention that the doctrine of State immunity does not bar its action because its action seeks to compel the performance of a ministerial act.
[5] "[I]t is neither this Court's duty nor its function to perform a [party's] legal research." City of Birmingham v. Business Realty Inv.Co., 722 So.2d 747, 752 (Ala. 1998); Green Tree Fin. Corp. v. Vintson,753 So.2d 497, 503 n. 5 (Ala. 1999).