Insofar as the main opinion affirms the trial court's dismissal of Gore's claim against the Alabama Department of Public Safety for a declaratory judgment and damages in connection with the conversion of the currency, I concur in the result.
Gore named the Alabama Department of Public Safety and Sgt. Charles J. Alexander as defendants. The complaint says Sgt. Alexander is an agent of the State and that he was acting under color of state law when he seized the currency. The main opinion correctly treats the claim against Sgt. Alexander as an action against him in his official capacity only. Hence, this action is in all respects an action against the State of Alabama.
Gore's claim is in reality an action against the State for money damages and is therefore barred by § 14 of the Constitution of Alabama of 1901. See Lyons v. River Road Constr., Inc.,858 So.2d 257 (Ala. 2003) (dredging subcontractor's action against the director of the Alabama State Port Authority in his official capacity was an action for damages, not a declaratory-judgment action, and, thus, was barred by the doctrine of State immunity).
Insofar as the main opinion reverses the trial court's dismissal of Gore's claim for *Page 1230 
conversion of the cellular telephone and the personal documents, I must respectfully dissent. In fact, Gore is seeking the return of those items. His claim, therefore, is in the nature of detinue for recovery of the property in specie. In his statement of facts in his brief to this Court, he states, "the documents and cell phone remain in the possession of the department." Gore's brief, p. 5. Thus, this claim is an action in detinue against the State of Alabama.
The main opinion relies upon Lightfoot v. Floyd, 667 So.2d 56
(Ala. 1995). The plaintiff's claims against the various parties in their official capacities in Lightfoot were dismissed. Thus, the state-law claims against the defendant in Lightfoot named him in his individual capacity only. Consequently, Lightfoot, with its discussion of the dichotomy between ministerial and discretionary acts in the context of qualified immunity for a State agent sued in his individual capacity, is not on point. Likewise, Warden, Maryland Penitentiary v. Hayden,387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967), is not on point, because it relates to claims grounded upon violations of the United States Constitution; in this proceeding, the claims are grounded solely on state law.
Gore has not directed our attention to any statute obligating the Department or Sgt. Alexander, in his official capacity,[5] to return the disputed property to him. Absent a contract right or statute requiring return of the property, Gore cannot evade the immunity from suit conferred by § 14. SeeLyons v. River Road Constr., Inc. I would affirm the trial court's summary judgment in favor of Gore on Gore's claim against the State of Alabama for recovery of his cellular telephone and personal documents.
[5] As previously noted, Gore contends that the Department of Public Safety holds the items whose return he is seeking. Thus, Sgt. Alexander, in his individual capacity, is incapable of returning these items.