MURDOCK, Judge.
Wendy Darling Scarborough (“the mother”) appeals from a judgment of the Cle-burne Circuit Court awarding attorney fees and costs to Bryan James Darling (“the father”) under the Alabama Litigation Accountability Act, Ala.Code 1975, § 12-19-270 et seq. (“the ALAA”). We reverse and remand.
In October 2001, the Cleburne Circuit Court entered a judgment divorcing the mother and the father. The divorce judgment awarded the parties joint custody of their minor child. We note that the father was disabled as the result of a 1999 closed-head injury. The father’s injury caused him to suffer certain deficits in, among other things, concentration and memory. When the divorce judgment was entered, and thereafter through the time of the trial in the present case, the father resided with his grandmother (“the paternal great-grandmother”) in California.
In 2003, the minor child attained the age at which she would begin attending school. Because the father lived in California and the mother lived in Alabama, the physical-custody arrangement in place at that time, allowing each of the parents to have physical custody of the child during alternating three-month periods, was no longer feasible, and a modification proceeding was instituted. In September 2003, the trial court entered a judgment providing that the parties would “continue exercising joint custody”; the judgment further provided, however, that the father would have “primary placement” of the minor child, “subject to the [mother’s] right of placement with the child.” Also, the September 2003 judgment specifically provided that the father “shall immediately notify the [mother] should he move from his grandmother’s residence or should his grandmother’s health decline to the point where she is no longer capable of assisting the [father] in his care of the minor child.” Further, the judgment gave the father “primary authority” as to certain child-custody matters. See Ala.Code 1975, § 30-3-153. After the entry of the September 2003 judgment, the father maintained physical custody of the minor child during the school year.
In mid-March 2004, the paternal great-grandmother was diagnosed with colon cancer. On April 5, 2004, she was hospitalized for surgery to remove the cancerous tissue. While the paternal great-grandmother was recovering from surgery, she was diagnosed with acute leukemia. She remained in the hospital until May 20, 2004, during which time she received an initial round of chemotherapy treatments for her leukemia. During the paternal great-grandmother’s hospitalization, the father’s mother traveled to California and assisted the father and his grandmother. During the summer of 2004, the paternal great-grandmother returned to the hospital for extended stays on two occasions, once because she was suffering from malnourishment as a result of the effects of chemotherapy on her appetite, and once for a second round of chemotherapy treatments.
*407 On June 13, 2004, the mother took physical custody of the minor child for a period of several weeks, in keeping with the par-' ties’ custody arrangement. On July 26, 2004, four days before the minor child was supposed to return to California and begin the first grade, the mother filed a petition to modify custody in which she alleged that a material change in circumstances had occurred since entry of the September 2003 judgment, that the minor child’s best interests would be “promoted by a change of custody” to the mother, and that the mother could “introduce evidence that will overcome the inherent disruptiveness cause by a change of custody.” On the same day, the mother also filed a “Motion for Ex Parte Temporary Restraining Order,” in which she alleged, among other things, that the father was unable to care for the minor child without assistance and that, because of the paternal great-grandmother’s illnesses, the paternal great-grandmother was unable to assist the father. The mother requested that she be awarded pendente lite custody of the minor child; the trial court entered an ex parte order awarding the mother pendente lite custody.
The father filed an answer to the mother’s modification petition, and he counterclaimed seeking attorney fees and costs under the ALAA. Specifically, the father alleged that the mother’s modification petition was “brought without substantial justification and said action is frivolous, groundless in fact and law, vexatious, [and] interposed for improper purposes.” The father also filed a motion to set aside the trial court’s pendente lite custody order. The mother filed an answer to the father’s counterclaim, denying the allegations contained therein.
The trial court entered an order appointing a referee to conduct a hearing as to the pendente lite custody of the minor child. Following the hearing, .the referee issued a written report stating that the pendente lite custody award to the mother should be set aside and that the minor child should be returned to the father. On August 27, 2004, the trial court entered an order confirming the referee’s report and setting aside its ex parte order awarding the mother pendente lite custody.
In November 2004, the trial court conducted an ore tenus proceeding on the mother’s modification petition. After the mother presented her case-in-chief, counsel for the father orally moved the trial court to dismiss the mother’s petition because, he alleged, the mother had failed to meet her burden of proof necessary to support a modification of custody. The trial court recessed the trial to review and consider a deposition that the mother had entered as a trial exhibit. Thereafter, the court reconvened the trial and the following occurred:
“THE COURT: Back on the record. I'have completed reading Dr. Marson’s deposition, Plaintiffs Exhibit Number 21, and in consideration of the Motion to Dismiss the Plaintiffs Petition for Modification of Custody, the proper standard to be applied is the [McLendon] Standard and based on the [McLendon] Standard, the court finds there has not been a material change of circumstances sufficient to change the custody arrangement of the parties, therefore, the Motion to Dismiss for failure of proof is granted.
“Move into your counterclaim [seeking fees and costs under the ALAA],
“MRS. MILLER [ (counsel for the father)]: Yes, sir.' Your Honor, if I could — I have got Bruce Adams on standby regarding attorney’s fees but I can put my client on the stand—
“THE COURT: That is not necessary. You can submit your hours.
*408 “MRS. MILLER: I actually have it itemized, Your Honor. Defendant’s Exhibit Number 21, and expenses are Defendant’s Exhibit Number 22, which are actually the receipts and we would offer Defendant’s Exhibit Number 21 and Defendant’s Exhibit Number 22. It shows hours at 103.41 for a total of attorney’s fees of $13,960.35. And, it shows expenses of $7,454.01, for a total cost of $24,201.76.[1 We would offer Defendant’s Exhibit 21 and Defendant’s Exhibit 22.
[[Image here]]
“THE COURT: And, the attorney’s fee is based on what hourly rate?
“MRS. MILLER: $135.00 per hour, Your Honor.
“THE COURT: Mrs. Phillips [ (counsel for the mother)], is there any dispute as to the reasonableness of the hourly rate. Not that you are agreeing that it should be paid but as to the reasonableness of the rate.
“MRS. PHILLIPS: Your Honor, I don’t charge $135.00 an hour. I guess I would consider that to be unreasonable.
“THE COURT: What do you charge?
“MRS. PHILLIPS: I charge $95.00.
“THE COURT: With that noted, 21 and 22 are admitted.
[[Image here]]
“THE COURT: Do you wish to cross-examine on the calculation of those expenses. Have you had an opportunity to review them?
“MRS. PHILLIPS: I have not. I just got them this morning.
[[Image here]]
“THE COURT: Mrs. Phillips, would you like an opportunity to go through those at your leisure and then submit a written objection if you have any?
“MRS. PHILLIPS: Yes, sir, I would.
“THE COURT: I will give you until Friday [November 5, 2004,] to submit any objections to those documents.
[[Image here]]
“MRS. PHILLIPS: Do you want me to do it like in the form of a brief.
“THE COURT: Just a written objection and set forth what part you’re objecting to. We stand adjourned.”
On November 18, 2004, the trial court entered a judgment denying the mother’s modification petition and granting the father’s request for attorney fees and costs. In pertinent part, the judgment stated:
“Upon consideration of the relevant and admissible evidence, the Court finds as follows:
“1. That the Plaintiff has failed to meet the burden of proof necessary to justify a change in custody and/or placement pursuant to Ex Parte [McLendon], 455 So.2d 863 (Ala.1984).
“2. That the Defendant requested an award of attorney fees and other costs of litigation pursuant to Defendant’s Exhibits 21 and 22. Pursuant to the Plaintiffs attorney’s request, the Court granted until November 5th 2004 for the Plaintiff to submit any objection to the amount requested. On November 5th 2004, the Plaintiffs attorney orally requested that the deadline be extended until November 8th 2004. That on November 10th 2004, two (2) days after the extended deadline, the Plaintiffs attorney delivered her Response to Defendant’s Motion for Attorney Fees. Therefore, the Court accepts without contradiction the Defendant’s calculation in the amount of $24,201.00.
“It is therefore ORDERED, ADJUDGED and DECREED as follows:
*409 “A. The Plaintiffs Petition to Modify custody/placement is hereby DENIED.
“A. The Defendant, Bryan James Darling, is awarded a Judgment against the Plaintiff, Wendy Darling Scarborough, in the amount of $24,201.00 (Twenty-four Thousand, Two Hundred, One and 00/100 — Dollars) for which let execution issue.”
The mother filed a postjudgment motion to alter, amend, or vacate the judgment, which was denied by operation of law. The mother appeals from that portion of the final judgment awarding attorney fees and costs to the father under the ALAA; she does not appeal the denial of her modification petition.
The mother contends that the trial court erred by failing to make specific findings as to the reasons for its award of attorney fees and costs under the ALAA. She also argues that the evidence did not support an award of attorney fees and costs under the ALAA.
Section 12-19-272(a), Ala.Code 1975, provides:
“[I]n any civil action commenced or appealed in any court of record in this state, the court shall award, as part of its judgment and in addition to any other costs otherwise assessed, reasonable attorneys’ fees and costs against any attorney or party, or both, who has brought a civil action, or asserted a claim therein, or interposed a defense, that a court determines to be without substantial justification, either in whole or part.”
The ALAA defines the phrase “without substantial justification” as “frivolous, groundless in fact or in law, or vexatious, or interposed for any improper purpose, including, without limitation, to cause unnecessary delay or needless increase in the cost of litigation.” Ala.Code 1975, § 12-19-271(1). On the record before us, we do not think it can be concluded that the mother’s petition seeking a change of custody was frivolous, groundless in law or in fact, or interposed merely to vex the father or for other improper purposes. Accordingly, we reverse that portion of the trial court’s judgment awarding attorney fees and costs to the father under the ALAA. See Dickerson v. Dickerson, 885 So.2d 160, 168 (Ala.Civ.App.2003).
Our holding today is based on the undisputed facts that the paternal great-grandmother’s assistance to the father in caring for the minor child was a material factor in the trial court’s earlier judgment awarding primary custody of the child to the father and the paternal great-grandmother’s assistance was plainly jeopardized by the fact that she was diagnosed with acute leukemia and that she was required to undergo extensive medical treatment and hospitalizations as a result of that illness. The record discloses, without contradiction, that during the eight-month period preceding trial the paternal great-grandmother was hospitalized on three occasions for lengthy periods. The first hospital stay was for 46 days. A second hospital stay for 10 days in June 2004 was necessary to treat malnourishment suffered by the paternal great-grandmother as a result of earlier chemotherapy treatments. A third hospital stay was for 29 days. In addition, the paternal great-grandmother was scheduled to begin a third round of chemotherapy two days after the trial, which would require another hospital stay.
Because the paternal great-grandmother’s assistance to the father was important to the care of the minor child and was a material factor in the minor child’s placement with the father, and because the paternal great-grandmother’s ability to provide such assistance was substantially put into question by her illness, it cannot be concluded that the mother’s petition, based as it was on the fact of the paternal great-grandmother’s declining health, was *410 so frivolous, groundless in law, groundless in fact, vexatious, or improper that the mother should be forced to pay the father’s attorney fees and costs pursuant to the ALAA for having sought a custody modification.
Accordingly, we reverse that portion of the trial court’s judgment awarding attorney fees and costs to the father and remand the cause to the trial court for the entry of a judgment consistent with this opinion.[2]
The father’s request for the award of attorney fees on appeal is denied.
REVERSED AND REMANDED.
CRAWLEY, P.J., and THOMPSON, PITTMAN, and BRYAN, JJ., concur.

. Exhibits in the record on appeal indicate that the father was claiming $2,787.40 in additional expenses. It appears that the court's award of $24,201.76 includes an award of these additional expenses.

. The father argues in his appellate brief that the attorney-fee award could be justified on equitable grounds, independent of the ALAA. Although this court can generally affirm the trial court " ‘on any ground developed in, and supported by, the record,’ ” we will not affirm the trial court "on the basis of a brand new theory never asserted in the trial court.” Lyons v. River Road Constr., Inc., 858 So.2d 257, 265 (Ala.2003) (quoting Ex parte Ramsay, 829 So.2d 146, 155 (Ala.2002)). Cf. Ameriquest Mortgage Co. v. Bentley, 851 So.2d 458, 465 (Ala.2002).