BEATTY, Retired Justice.
The plaintiff, S.H. Cochran, as trustee of Port City. Medical, Inc.,. Pension Trust, appeals from a summary judgment in favor of the defendant, Thad W. Pate. Our supreme court transferred the appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975. We affirm in part, reverse in part, and remand.
In April 1993, Pate and Hochang Kwon incorporated an import-export business known as Gulf Eastern Export, Inc. Pate and Kwon were the corporation’s only shareholders, directors, and officers. At the time of incorporation, Gulf Eastern obtained a $100,-000 line of credit from Compass Bank. Kwon and Pate executed a promissory note on behalf of Gulf Eastern in their capacities as the corporation’s president and its vice-presi-dentyseeretary/treasurer, respectively. They also personally guaranteed the note. To secure the note, Pate and his wife executed a “Pledge Agreement” giving the bank a security interest in stock that had a fair market value of approximately $120,000, and Kwon and his wife executed, a “Real Estate Accommodation Mortgage” giving the bank a security interest in their home. The Kwons’ home was valued at over $250,000 and bore a first mortgage of approximately $95,000. During the remainder of 1993, Gulf Export used the $100,000 line of credit for operating expenses.
In December 1993, Cochran obtained a judgment for $35,744.52 against Kwon individually. Cochran recorded the judgment in the probate office of Mobile County, where it thereafter appeared of record as a lien against the Kwons’ home.
In early 1994, Gulf Eastern stopped doing business, as a result of financial difficulties. Pate says that he made the interest payments on the corporation’s note with Compass Bank until May 1995, when Compass Bank declared the note in default. On May 26, 1995, Pate paid Compass Bank $101,-459.19, which fully paid the principal balance of $99,065.13 on the corporation’s promissory note, plus accumulated interest. Compass Bank then assigned to Pate the promissory note, personal guaranty agreement, and security agreements, including the mortgage on the Kwons’ home.
Pate began foreclosure proceedings on the Kwons’ home in the fall of 1995. On October 10, Kwon filed a Chapter 7 bankruptcy peti *1101 tion in the United States Bankruptcy Court for the Southern District of Alabama. In his bankruptcy schedules, he listed Pate as a secured creditor to whom he said he owed $50,000, and Cochran as an unsecured creditor to whom he said he owed $30,000. On October 24, Pate filed in the bankruptcy court a motion for relief from the automatic stay of his foreclosure proceedings that had been imposed when Kwon filed his bankruptcy petition, requesting that he be allowed to resume foreclosure proceedings. In that motion and the accompanying affidavit, Pate stated that Kwon owed him $105,449.30, representing the principal and accumulated interest on the Gulf Eastern note; that the entire amount was secured by the assignment to Pate of Gulf Eastern’s note and the Kwons’ accommodation mortgage; and that the value of the Kwons’ property was approximately $220,000. Kwon did not oppose the motion. The bankruptcy court lifted the stay, and afterwards Pate completed foreclosure proceedings on the Kwons’ home. At the foreclosure sale on December 27, Pate was the successful bidder, with a bid of $82,-500. Pate then assumed the first mortgage on the home and later satisfied it.
Because Pate claimed that Kwon owed him over $100,000, no equity remained in the home after Pate foreclosed on it. As a result, the bankruptcy trustee sent notices to Kwon’s other creditors informing them that there were no assets in his estate with which to pay them. On January 8,1996, in a letter from Cochran’s attorney to the attorneys for Pate and Kwon, Cochran’s attorney requested information about the conveyance of the Kwons’ home to Pate, stating that “it appealed] that Mr. Kwon, and possibly others, ha[d] conspired to defraud creditors.”.. On January 10, Kwon amended his bankruptcy schedules to list Pate as a secured creditor to whom he owed $100,000 and as an unsecured creditor to whom he owed $79,000.
Cochran sued Pate, alleging that the foreclosure sale had created a surplus from which funds were due to be paid to him in satisfaction of his judgment and that Pate and Kwon had conspired to defraud him and hinder him in the collection of his judgment. Pate moved for a summary judgment; Cochran opposed it. The trial court entered a summary judgment in favor of Pate. After Cochran’s post-judgment motion was denied by operation of law pursuant to Rule 59.1, Ala. R. Civ. P., he appealed.
Cochran contends that, pursuant to Alabama law regarding contribution among co-sureties, Kwon owed Pate only half of the amount borrowed by Gulf Eastern that was guaranteed by the two men. Therefore, Cochran argues, as a matter of law, a surplus of approximately $32,500 remained after the foreclosure sale from which funds should have been available to apply toward the satisfaction of his judgment. Pate contends that, pursuant to Alabama law regarding the sub-rogation rights of a surety, Kwon owed him the entire amount of the Gulf Eastern loan. Therefore, Pate argues, no surplus remained after the foreclosure sale. Cochran also contends that he presented substantial evidence showing that Pate and Kwon conspired to defraud him and hinder him in the collection of his judgment. Pate maintains that Cochran presented no evidence of fraud or conspiracy.
Our standard for reviewing a summary judgment is well settled. The summary judgment was proper if there was no genuine issue of material fact and Pate was entitled to a judgment as a matter-of law. Rule 56, Ala. R. Civ. P. Pate had the burden to make a prima facie showing that no genuine issue of material fact existed and that he was entitled to a judgment as a matter of law. Long v. Jefferson County, 623 So.2d 1130 (Ala.1993). If Pate made that showing, then the burden shifted to Cochran to present evidence creating a genuine issue of material fact, so as to avoid the entry of a judgment against him. Id. In deciding whether there was a genuine issue of material fact, we view the evidence in the light most favorable to the nonmovant and resolve all reasonable doubts against the movant. Id. The applicable standard of review is the. “substantial evidence” rule. § 12-21-12, Ala.Code 1975. “Substantial evidence” is defined as “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. *1102 Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
Cochran’s contention that a surplus was created by the foreclosure sale requires a review of the law of suretyship and the law of contribution. With regard to the surety-ship aspect, Pate relies on § 8-8-2, Ala.Code 1975, which states:
“A surety who has paid his principal’s debt is entitled to a transfer of the original and collateral security which the creditor holds; he has all the rights to realize thereon and to reimburse himself to the same extent as the creditor might have done before the surety paid him, whether paid before ..or after judgment; and he shall be substituted for the creditor and subrogated to all his rights and remedies; in effect, he shall be a purchaser of the debt and all its incidents.”
With regard to the contribution aspect, Cochran relies on § 8-3-9, Ala.Code 1975, which states:
“All the foregoing provisions of this article shall apply to cases where there are more than one surety, so as to enable a surety discharging a joint debt, in whole or in part, either pending the action or after joint or several judgments, to control the same against his cosureties for the purpose of compelling them to contribute their respective shares of the amount so paid by him.”
We note that § 8-3-1, Ala.Code 1975, states:
“Joint makers of notes, bills, bonds, or contracts. for the payment of money are bound severally and jointly to the payee, transferee, or holder, jointly and severally, for the full amount due; but as between themselves, each is "principal to the extent of his share of the joint and several debt and surety to the extent of the shares of the other makers.”
(Emphasis added.)
Construing these statutes in pari materia, we conclude that Pate and Kwon, pursuant to their personal guaranty agreement, both were obligated as cosureties to pay one-half of the amount Gulf Eastern owed to Compass Bank. Pate and Kwon together guaranteed Gulf Eastern’s debt; therefore, Pate had a principal obligation of $50,000 and was a surety for the payment of Kwon’s principal obligation of $50,000. Turner v. State Farm Fire & Cos. Cos., 6 14 So.2d 1029 (Ala.1993).
Pate foreclosed on the Kwons’ mortgage with a bid of $82,500. Out of those funds, he was entitled only to the first $50,-000. Cochran’s entitlement to funds from the surplus is clear.
“After the foreclosure sale of the mortgaged property, if there are no other liens on the property, any surplus must be paid to the mortgagor. However, if there are inferior liens and there is a surplus, all encumbrances inferior to the mortgage on which the sale is based must be paid in the order of time in which they respectively became liens.”
Bailey Mortgage Co. v. Gobble-Fite Lumber Co., 565 So.2d 138, 144 (Ala.1990) (citations omitted).
Cochran is not entitled to the entire amount of the remaining surplus, however. His judgment is against Mr. Kwon only. Cochran acknowledges that only half of the surplus created after the foreclosure sale belongs to Mr. Kwon. The other half belongs to Mrs. Kwon, who owned the home jointly with her husband. Therefore, one-half of the $32,500 surplus is due to be paid to Cochran, as a matter of law, in partial satisfaction of his judgment.
That portion of the judgment relative to the payment of funds to Cochran from the surplus created by the foreclosure sale is reversed, and the cause is remanded for entry of a judgment in favor of Cochran for $16,250.
We now turn to Cochran’s contention that Pate and Kwon conspired to defraud him and to hinder his collection of his judgment. Cochran alleges that Pate, in his motion for relief from the automatic stay, misrepresented facts to the bankruptcy court, and he argues that the alleged misrepresentations are evidence that Pate used the bankruptcy proceedings to attempt to acquire the Kwons’ home free and clear of Cochran’s judgment. Cochran also alleges that Kwon knew that Pate, in his motion, had overstated *1103 the amount he claimed Kwon owed him and had understated the value of the .Kwons’ home, and he argues that.Kwon’s failure to object to Pate’s motion is evidence that Kwon and Pate conspired to defraud him. Cochran claims that Pate and Kwon always intended for Pate to have the Kwons’ home, and he argues that he presented sufficient evidence of either actual or constructive intent to defraud to establish the existence of a genuine issue of material fact and to preclude the entry of a summary judgment as to the fraud claims. We have examined the record, which includes testimony from Pate and Kwon in the bankruptcy court regarding the business affairs of Gulf Eastern and the circumstances that led to Pate’s foreclosure on the Kwons’ home, and we find no evidence that Pate and Kwon conspired to defraud Cochran. Much of what Cochran characterizes as factual evidence is merely speculation and conjecture on his part, and his claims are not supported by Pate’s or Kwon’s testimony.
“When a party opposing a properly supported motion for summary judgment offers no evidence to contradict that presented by the movant, the trial court must consider the movant’s evidence uncontro-verted, with no genuine issue of material fact existing. Further, mere conclusory allegations or speculation that fact issues exist will not defeat a properly supported summary judgment motion, and bare argument or conjecture does not satisfy the nonmoving party’s burden to offer facts to defeat the motion.”
Hurst v. Alabama Power Co., 675 So.2d 397, 400 (Ala.1996) (citations omitted). As to Cochran’s fraudulent conspiracy claims, the summary judgment is affirmed.
The foregoing opinion was prepared by Sam A. Beatty, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED IN PART;' REVERSED IN PART; AND REMANDED.
All the judges concur.