The Alabama Department of Finance ("the Department") petitions this Court for a writ of mandamus instructing the Madison Circuit Court to grant its motion to dismiss or, in the alternative, for a summary judgment, or, failing that, to grant its motion to transfer the case to the Montgomery Circuit Court. For the reasons stated herein, we grant the petition and instruct the trial court to dismiss the Department from the case.
 I. Factual and Procedural Background
On July 22, 2005, the Department issued an invitation to bid for the purchase of an "Enterprise Storage Solution" and related equipment, software, and services. Following submission of bids, the contract was awarded to GTSI Corp. ("GTSI") on August 31, 2005.
GTSI shipped the purchased equipment to the Department in Montgomery. GTSI then arranged for one of the items delivered to the Department, the StorEdge 9985, to be shipped from Montgomery to the Alabama Supercomputer Authority in Huntsville. At some point, either during shipment to or unloading at Huntsville, the StorEdge 9985 was damaged to such an extent that it was rendered unusable. Because of this damage, the Department refused to pay for the StorEdge 9985. In response, GTSI filed a petition for a writ of mandamus in the Madison Circuit Court, seeking an order from that court requiring the Department to pay for the StorEdge 9985.
On February 1, 2007, the Department filed in the Madison Circuit Court a motion to dismiss or, in the alternative, for a summary judgment, arguing that the Department was entitled to sovereign immunity. On February 2, 2007, the Department filed a motion to transfer the case to the Montgomery Circuit Court, arguing that actions against State agencies must be filed in Montgomery County. On July 6, 2007, the trial court entered an order, stating, in part:
 "This cause came before the Court on the 7th day of June, 2007, for a hearing on all pending motions. Having considered the pleadings, the responses and briefs thereto, and the arguments and representations of counsel, and after careful review of all relevant and applicable law, it is ORDERED, ADJUDGED and DECREED as follows:
 "1. The defendant's Motion to Transfer Venue is denied.
 ". . . .
 "3. Within sixty (60) days, the parties shall concur and submit a joint scheduling order for entry by this Court. *Page 1256 
 "4. This matter is hereby set for trial on the 5th day of May, 2008, at 9:30 a.m. in Courtroom #6 of the Madison County Courthouse."
Although the trial court's order did not explicitly reference the motion to dismiss or, in the alternative, for a summary judgment, we will treat that motion as having been denied, given that the trial court's order indicated that the motion was considered, that it was not granted, that the parties were ordered to submit a scheduling order, and that the case was set for trial.
On July 24, 2007, GTSI amended its mandamus petition by adding as a respondent James Allen Main in his capacity as the State Finance Director and director of the Department. On August 17, 2007, the Department filed the presently pending petition for a writ of mandamus with this Court. The relief sought therein relates to the Department only; Main did not join the petition, and no relief is sought on his behalf.
 II. Standard of Review
In Ex parte Branch, 980 So.2d 981 (Ala. 2007), this Court stated:
 "The denial of a motion for a summary judgment or of a motion to dismiss grounded on immunity is reviewable by a petition for a writ of mandamus. Ex parte Rizk, 791 So.2d 911, 912 (Ala. 2000). Ex parte Haralson, 853 So.2d 928, 931 n. 2 (Ala. 2003) (`The denial of a motion to dismiss or a motion for a summary judgment generally is not reviewable by a petition for writ of mandamus, subject to certain narrow exceptions, such as the issue of immunity. Ex parte Liberty Nat'l Life Ins. Co., 825 So.2d 758, 761-62 (Ala. 2002).'). This Court has stated:
 "`A writ of mandamus is an extraordinary remedy available only when there is: "(1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court." Ex parte BOC Group, Inc., 823 So.2d 1270, 1272 (Ala. 2001).'
 "Ex parte Nall, 879 So.2d 541, 543 (Ala. 2003)."
980 So.2d at 984.
 III. Analysis
The Department contends that it is entitled to the sovereign immunity conferred on the State by § 14, Constitution of Alabama 1901, and, as a result, that the trial court should have granted its motion to dismiss or, in the alternative, for a summary judgment. We agree.
Section 14 provides "[t]hat the State of Alabama shall never be made a defendant in any court of law or equity." "Under § 14, the State and its agencies are absolutely immune from suit."Lyons v. River Road Constr., Inc., 858 So.2d 257, 261
(Ala. 2003). The Department is an agency of the State,see Ala. Code 1975, § 41-4-1 et seq., and, therefore, it is entitled to sovereign immunity.
GTSI argues that, notwithstanding sovereign immunity, an agency of the State is subject to suit for the payment of goods and services it has accepted under a contract. GTSI argues that, under the circumstances present in this case, it "may properly pursue its claims through a Petition for the Writ of Mandamus against the Department of Finance," and that "the doctrine of sovereign immunity is not a defense to the Petition brought by GTSI."
GTSI is correct when it argues that certain actions are not barred by § 14. There are six general categories of *Page 1257 
actions that do not come within the prohibition of § 14: (1) actions brought to compel State officials to perform their legal duties; (2) actions brought to enjoin State officials from enforcing an unconstitutional law; (3) actions to compel State officials to perform ministerial acts; (4) actions brought against State officials under the Declaratory Judgments Act, Ala. Code 1975, § 6-6-220 et seq., seeking construction of a statute and its application in a given situation; (5) valid inverse condemnation actions brought against State officials in their representative capacity; and (6) actions for injunction or damages brought against State officials in their representative capacity and individually where it was alleged that they had acted fraudulently, in bad faith, beyond their authority, or in a mistaken interpretation of law. See Drummond Co. v.Alabama Dep't of Transp., 937 So.2d 56, 58 (Ala. 2006) (quoting Ex parte Carter, 395 So.2d 65, 68 (Ala. 1980));Alabama Dep't of Transp. v. Harbert Int'l, Inc.,990 So.2d 831 (Ala. 2008) (holding that the exception for declaratory-judgment actions applies only to actions against State officials). As we confirmed in Harbert, these "exceptions" to sovereign immunity apply only to actions brought against State officials; they do not apply to actions against the State or against State agencies. See Alabama Dep't ofTransp., 990 So.2d at 840-41.
Actions against the State or against State agencies are absolutely barred by § 14. As a result, the Department is entitled to the relief it seeks from this Court in the form of an order directing the trial court to dismiss it from this action.
 IV. Conclusion
Based on the foregoing, we grant the Department's petition. The trial court is instructed to dismiss the Department from the action. The alternative relief sought by the Department — to have the action transferred to the Montgomery Circuit Court — is rendered moot by our decision on the sovereign-immunity issue. In addition, GTSI filed a motion to strike certain portions of the Department's mandamus petition. In response, the Department candidly agreed that the portions of its petition to which GTSI objected were due to be stricken. Thus, we grant GTSI's motion.
MOTION TO STRIKE GRANTED; PETITION GRANTED; WRIT ISSUED.
COBB, C.J., and LYONS, STUART, and BOLIN, JJ., concur.