WOODALL, Justice.
These proceedings (one petition for the writ of mandamus and three appeals) were brought in this Court to challenge a judgment of the Montgomery Circuit Court awarding Hugh Mclnnish $196,625 in attorney fees and costs in his action against (1) the Governor of the State of Alabama, (2) the State finance director, (8) the State comptroller, and (4) the State treasurer, all in their official capacities (referred to collectively as “the State officials”), in which the Joint Fiscal Committee of the Alabama Legislature (“the committee”) intervened. As to cases no. 1110325, no. 1110330, and no. 1110506, we reverse; as to case no. 1110321, we dismiss the petition as moot.
This case has previously been before this Court. See McInnish v. Riley, 925 So.2d 174 (Ala.2005). McInnish involved a challenge to the constitutionality of the community-services grant-making process set forth in Ala.Code 1975, § 29-2-123. There, we held that “ § 29-2-123, which authorizes a permanent joint legislative committee to award community-services grants, [as well as that portion of the annual education-appropriations act] by which those grants are funded,” violated the separation-of-powers provisions of the Alabama Constitution of 1901, 925 So.2d at 188, and we reversed the trial court’s judgment and remanded the case.
Subsequently, Mclnnish filed a series of motions in the trial court, seeking “an award of attorney fees, reasonable expenses, and costs against the [State officials].” He also sought an order declaring that he was “a prevailing party, that this litigation provided a common benefit to all taxpayers of the state of Alabama, and that the amount that was prohibited from being disbursed illegally was in an amount of approximately $13.4 million.” (Emphasis added.) The State officials opposed McInnish’s motions, arguing that “[t]he clear holding in Ex parte Town of Lowndesboro [, 950 So.2d 1203 (Ala.2006),] is that § 14 of the Alabama Constitution prohibits the awarding of attorney fees and expenses in any state court action against the State of Alabama or against state officials in their official capacities.” (Emphasis added.) On December 8, 2011, the trial court entei-ed a judgment awarding “counsel for Plaintiff Mclnnish a judgment for attorney’s fees and costs in the amount of $196,625.00 to be paid by the [State officials].”
These appellate proceedings followed the entry of that judgment. Each one presents the single legal question — as Mclnnish prefers to state it: “[W]hether an award of attorney fees is proper when a plaintiff has prevailed on a claim against state officials [in their official capacities] for a violation of the state constitution that results in preservation of significant funds in the state treasury.” Mclnnish’s brief, at 4.[1]
*203 In Ex parte Town of Lowndesboro, 950 So.2d 1203 (Ala.2006), this Court, for the first time, declared unequivocally that an award of attorney fees and expenses to be paid by the State to a successful litigant under the common-benefit doctrine in a declaratory-judgment action violated Ala. Const. 1901, § 14, which states: “That the State of Alabama shall never be made a defendant in any court of law or equity.” In so doing, we noted that “[t]he appellate courts of this State have generally held that an action may be barred by § 14 if it seeks to recover damages or funds from the State treasury.” 950 So.2d at 1206 (emphasis added).
For that proposition, we cited, among other cases, (1) Lyons v. River Road Construction, Inc., 858 So.2d 257, 262 (Ala.2003), as “noting that a party could not bring an action against a State official, because ‘[s]uch an action impermissibly seeks funds from the State treasury,’ ” 950 So.2d at 1206 (emphasis added); (2) Armory Commission of Alabama v. Staudt, 388 So.2d 991, 993-94 (Ala.1980), as “stating that an action against the Armory Commission of Alabama was barred by § 14 because a judgment against it ‘would adversely affect the state treasury,’ ” 950 So.2d at 1206 (emphasis added); and (3) Moody v. University of Alabama, 405 So.2d 714, 717 (Ala.Civ.App.1981), as “noting that an action was barred because a result in the plaintiffs favor ‘could ultimately “touch” the state treasury by requiring the disbursement of state funds,’ ” 950 So.2d at 1206 (emphasis added). We then explained “that an award of ... attorney fees and expenses impacts the State treasury and divests it of funds in the very way forbidden by § 14.” 950 So.2d at 1211-12 (emphasis added).
The State officials and the committee argue that Lowndesboro controls this case. In response, Mclnnish takes the position that to apply the holding in Lowndesboro to this case is bad public policy. Specifically, he states:
“While it is true that a private litigant can bear the costs of the litigation himself, the logical result of such a rule means that only the wealthy may take up the public sword and defend the Constitution where the government itself refuses to abide by or defend the Constitution. This Court should not stand for such a result.”
McInnish’s brief, at 40.
However, public policy is primarily declared by the people and their representatives in their constitution and statutes. See Jensen v. Traders & General Ins. Co., 52 Cal.2d 786, 794, 345 P.2d 1, 5 (1959) (“The determination of public policy of states resides, first, with the people as expressed in their Constitution and, second, with the representatives of the people — the state Legislature.”). As this Court has often stated: “ ‘The wall of immunity erected by § 14 is nearly impregnable.’ ” Alabama Agric. & Mech. Univ. v. Jones, 895 So.2d 867, 872 (Ala.2004) (quoting Patterson v. Gladwin Corp., 835 So.2d 137, 142 (Ala.2002)). The State officials and the committee argue that “[ojnly the people, through the amendment process, may overturn a provision of the Constitution on policy grounds.” Reply brief, at 11. We agree. Section 14 having enshrined the public-policy considerations of the people of Alabama, this Court is bound thereby. “Public policy considerations cannot override constitutional mandates.” Camp v. Kenney, 673 So.2d 436, 438 (Ala.Civ.App.1995).
*204 Mclnnish also attempts to distinguish Lowndesboro on the ground that the declaratory-judgment action in Lowndesboro alleged only “ ‘statutory and regulatory violations,’ ” while this case “involves a claim for violations of provisions of the Alabama Constitution.” Mclnnish’s brief, at 18. This is a distinction without a difference and is, in reality, nothing but the recasting of a policy argument. As to the payment of fees and expenses from the State treasury, it matters not a whit whether the action was based on statutory or constitutional provisions.
Along similar lines, Mclnnish asserts that Lowndesboro should not control this case, because, he asserts, his action “resulted in a judgment that benefitted the entire citizenry of the State of Alabama to the tune of over $12 million.” Mclnnish’s brief, at 19. However, the immunity afforded the State is absolute, Ex parte Mobile Cnty. Dep’t of Human Res., 815 So.2d 527, 580 (Ala.2001), such that it does not resolve itself to a balance-sheet approach. State immunity is not a rule of relativity. Simply put, § 14 bars access to the State coffers, regardless of the amounts involved. This rule was properly recognized and applied in Lowndesboro, and it is the rule of this case.
In short, we hold that § 14 bars an award of attorney fees and costs even if a plaintiff has prevailed on a claim against State officials in their official capacities for a violation of the State constitution that results in preservation of significant funds in the State treasury. The trial court lacked authority to award such attorney fees and costs. Consequently, the judgment is reversed.
1110321—PETITION DISMISSED AS MOOT.
1110325—REVERSED.
1110330—REVERSED.
1110506—REVERSED.
STUART, BOLIN, PARKER, MURDOCK, SHAW, and WISE, JJ., concur.
MALONE, C.J., recuses himself.

. For purposes of these proceedings, we will assume that Mclnnish’s action actually resulted in the "preservation of significant funds in the state treasury.”