MURDOCK, Justice.
The Aabama Department of Conservation and Natural Resources (“the Department”) appeals from a judgment declaring that,§ 9-ll-88(b), Aa..Code 1975, is void because it is a local law and was not properly advertised as such. We dismiss the appeal based on the trial court’s lack of jurisdiction.
Jason Kellar is a licensed commercial fisherman and a resident of Madison County. He regularly engages in. commer *1200 cial fishing in the waters of the Tennessee River and its tributaries situated within the boundaries of Jackson County. Before the events giving rise to this action, Kellar used gill -or trammel nets in his fishing enterprises in the Tennessee River. In December 2012, Kellar received information that the Department would begin enforcing a ban on gill and trammel net fishing pursuant to § 9-ll-88(b).
On August 24, 2015, Kellar sued the Department in the Jackson Circuit Court seeking a judgment declaring that § 9—11— 88(b) was unconstitutional because the act proposing it was a local law that was not properly advertised as a local law pursuant to Art. IV, § 106, Ala. Const. 1901. As required when the constitutionality of a statute is challenged, a copy of the complaint was served on the attorney general. The Department answered the complaint; among its affirmative defenses, the Department pleaded that “[t]his action is barred by Article I, § 14 of the Alabama Constitution (1901).” The parties stipulated to the relevant facts, and the trial court held a final hearing on the merits on February 2, 2016.
On February 18, 2016, the trial court entered a final order in which it concluded that § 9-ll-88(b) was a “local law” and that, as such, it had not been properly advertised. The trial court accordingly concluded that § 9-ll-88(b) was “unconstitutional, null, and void.”
The attorney general appeared as counsel for the Department and filed a timely notice of appeal from the trial court’s judgment.
We pretermit any discussion of the merits, i.e., the constitutionality of § 9—11— 88(b). We must address'instead the threshold issue of jurisdiction.
Kellar filed this action solely against the Department, an agency of the State.
“Article I, § 14, Alabama Const, of 1901, provides generally that the State of Alabama is immune from suit: ‘[T]he State of Alabama shall never be made a defendant in any court of law or equity.’ This constitutional provision ‘has been described as a “nearly impregnable” and “almost invincible” “wall” that provides the State an unwaivable, absolute immunity from suit in any court.’ Ex parte Town of Lowndesboro, 950 So.2d 1203, 1206 (Ala. 2006). Section 14 ‘specifically prohibits the State from being made a party defendant in any suit at law or in equity.’ Hutchinson v. Board of Trs. of Univ. of Alabama, 288 Ala. 20, 23, 256 So.2d 281, 283 (1971). Additionally, under § 14, State agencies are ‘absolutely immune from suit.’ Lyons v. River Road Constr., Inc., 858 So.2d 257, 261 (Ala. 2003).”
Alabama Dep’t of Transp. v. Harbert Int’l, Inc., 990 So.2d 831, 839 (Ala. 2008) (emphasis added). In Harbert, also a declaratory-judgment action, this Court held: “[Ojnly State officers named in their official capacity—and not State agencies— may be defendants in such proceedings.” 990 So.2d at 841.
In Ex parte Alabama Department of Finance, 991 So.2d 1254, 1257 (Ala. 2008), this Court noted the six general categories of actions that do not come within the prohibition of § 14, one of which is “actions brought against State officials under the Declaratory Judgments Act, Ala. Code 1975, § 6-6-220 et seq., seeking construction of a statute and its application in a given situation,” and stated that those “exceptions” “apply only to actions brought against State officials; they do not apply to actions against the State or against State agencies.” (Emphasis added.)
*1201 The Department admits that it did not argue § 14 immunity in the hearing before the trial court, but, even if a defendant “raises this argument for the first time on appeal, ‘[t]he assertion of State immunity challenges the subject-matter jurisdiction of the court; therefore, it may be raised at any time by the parties or by a court ex mero motu.’” Health Care Auth. for Baptist Health v. Davis, 158 So.3d 397, 402 (Ala. 2013) (quoting Atkinson v. State, 986 So.2d 408, 411 (Ala. 2007)).
For the reasons discussed, the judgment of the trial court against the Department is void. A void judgment will not support an appeal, and, therefore, the appeal is dismissed.
APPEAL DISMISSED.
Bolin, Parker, Main, and Bryan, JJ., concur.