MOORE, Judge.
The Alabama Department of Public Health ("ADPH") appeals from a judgment entered by the Montgomery Circuit Court ("the trial court") in favor of Noland Health Services, Inc. ("Noland"), on Noland's requests for declaratory and injunctive relief against ADPH. We dismiss the appeal.
Procedural History
On November 8, 2016, Noland filed a petition against ADPH seeking a judgment declaring:
"(1) That ADPH lacks the authority to apply [certain rules] to Adult Day Care Programs, including those provided by Noland;
"(2) That ADPH lacks the authority to enforce [the aforementioned rules] against Adult Day Care Programs, including those provided by Noland;
"(3) That ADPH lacks the authority to regulate Adult Day Care Programs, and therefore lacks the authority to take licensure action for or against Adult Day Care Programs, including those provided by Noland; and
"(4) That ADPH cannot require a provider like Noland to use licensed Certificate of Need authorized beds for adult day care services."
After a trial, the trial court entered a judgment on November 30, 2017, awarding Noland declaratory and injunctive relief against ADPH. On January 10, 2018, ADPH filed its notice of appeal.
Discussion
On appeal, ADPH first argues that the trial court lacked jurisdiction over Noland's petition because, it says, ADPH is immune from suit. Although ADPH raises this argument for the first time on *875 appeal, " ' "[t]he assertion of State immunity challenges the subject-matter jurisdiction of the court; therefore, it may be raised at any time by the parties or by a court ex mero motu." ' " Alabama Dep't of Conservation & Natural Res. v. Kellar, 227 So.3d 1199, 1201 (Ala. 2017) (quoting Health Care Auth. for Baptist Health v. Davis, 158 So.3d 397, 402 (Ala. 2013), quoting in turn Atkinson v. State, 986 So.2d 408, 411 (Ala. 2007) ).
In its brief to this court, ADPH cites our supreme court's decision in Kellar, in which our supreme court explained:
" 'Article I, § 14, Alabama Const. of 1901, provides generally that the State of Alabama is immune from suit: "[T]he State of Alabama shall never be made a defendant in any court of law or equity." This constitutional provision "has been described as a 'nearly impregnable' and 'almost invincible' 'wall' that provides the State an unwaivable, absolute immunity from suit in any court." Ex parte Town of Lowndesboro, 950 So.2d 1203, 1206 (Ala. 2006). Section 14"specifically prohibits the State from being made a party defendant in any suit at law or in equity." Hutchinson v. Board of Trs. of Univ. of Alabama, 288 Ala. 20, 23, 256 So.2d 281, 283 (1971). Additionally, under § 14, State agencies are "absolutely immune from suit." Lyons v. River Road Constr., Inc., 858 So.2d 257, 261 (Ala. 2003).'
" Alabama Dep't of Transp. v. Harbert Int'l, Inc., 990 So.2d 831, 839 (Ala. 2008) (emphasis added). In Harbert, also a declaratory-judgment action, this Court held: '[O]nly State officers named in their official capacity -- and not State agencies -- may be defendants in such proceedings.' 990 So.2d at 841.
" In Ex parte Alabama Department of Finance, 991 So.2d 1254, 1257 (Ala. 2008), this Court noted the six general categories of actions that do not come within the prohibition of § 14, one of which is 'actions brought against State officials under the Declaratory Judgments Act, Ala. Code 1975, § 6-6-220 et seq., seeking construction of a statute and its application in a given situation,' and stated that those 'exceptions' 'apply only to actions brought against State officials; they do not apply to actions against the State or against State agencies.' (Emphasis added.)"
227 So.3d at 1200.
Similarly, in the present case, Noland's declaratory-judgment action named ADPH, a state agency, as the sole defendant. ADPH is " ' "absolutely immune from suit." ' " Kellar, 227 So.3d at 1200 (quoting Alabama Dep't of Transp. v. Harbert Int'l, Inc., 990 So.2d 831, 839 (Ala. 2008), quoting in turn Lyons v. River Road Constr., Inc., 858 So.2d 257, 261 (Ala. 2003) ) (emphasis omitted). Because Noland named a state agency and not a state official as a defendant, the aforementioned exception for " 'actions brought against State officials under the Declaratory Judgments Act, Ala. Code 1975, § 6-6-220 et seq., seeking construction of a statute and its application in a given situation' " is inapplicable. Kellar, 227 So.3d at 1200 (quoting Ex parte Alabama Dep't of Fin., 991 So.2d 1254, 1257 (Ala. 2008) ). Therefore, we conclude that the trial court lacked jurisdiction over Noland's petition, and, thus, the resulting judgment is void. Kellar, 227 So.3d at 1201. "A void judgment will not support an appeal, and, therefore, the appeal is dismissed." Id. The trial court is instructed to vacate its void judgment.
APPEAL DISMISSED WITH INSTRUCTIONS.
Thompson, P.J., and Pittman and Thomas, JJ., concur.
Donaldson, J., concurs specially.
DONALDSON, Judge, concurring specially.
*876 I concur with the main opinion. The record shows that Noland Health Services, Inc. ("Noland"), operates a day-care program for adults. Noland disputed the authority of the Alabama Department of Public Health ("the Department") to apply and/or enforce certain rules of the Department that affected Noland's operation of the day-care program. Noland filed a complaint against the Department in the Montgomery Circuit Court ("the trial court") challenging the rules and seeking declaratory and injunctive relief. Noland followed exactly the procedure set out in § 41-22-10, Ala. Code 1975, which provides, in part:
"The validity or applicability of a rule may be determined in an action for a declaratory judgment or its enforcement stayed by injunctive relief in the circuit court of Montgomery County, unless otherwise specifically provided by statute, if the court finds that the rule, or its threatened application, interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the plaintiff. The agency shall be made a party to the action...."
(Emphasis added.)
But because the Department is a state agency, it is absolutely immune from suit under the doctrine of sovereign immunity. See Alabama Dep't of Conservation & Natural Res. v. Kellar, 227 So.3d 1199, 1200 (Ala. 2017). Although § 41-22-10 mandates that the Department be named as a party in the type of action filed by Noland, the legislature cannot waive sovereign immunity. Druid City Hosp. Bd. v. Epperson, 378 So.2d 696 (Ala. 1979). The Department did not raise immunity as a defense in the trial court, but sovereign immunity may be raised for the first time on appeal. Alabama Dep't of Conservation & Natural Res. v. Kellar, 227 So.3d at 1201. "[A] complaint filed solely against the State or one of its agencies is a nullity and is void ab initio." Alabama Dep't of Corr. v. Montgomery Cty. Comm'n, 11 So.3d 189, 192 (Ala. 2008) (citing Ex parte Alabama Dep't of Transp. (In re Russell Petroleum, Inc. v. Alabama Dep't of Transp.), 6 So.3d 1126 (Ala. 2008) ). Because the only named defendant in the complaint was the Department, the trial court lacked subject-matter jurisdiction, and the entire case must be dismissed. See id. at 191-92.
I write to observe that we have held that a trial court had subject-matter jurisdiction over an action seeking declaratory and injunctive relief pursuant to § 41-22-10 when the action was brought against both a state agency and state officials in their representative capacities of the agency. See Ex parte Alabama State Bd. of Chiropractic Exam'rs, 11 So.3d 221, 225 (Ala. Civ. App. 2007). We are not presented in this case with the issue whether naming only a state official in a representative capacity, and not the agency, as a defendant would suffice for purposes of § 41-22-10. But it is a strange procedure indeed if a plaintiff must name both the state agency (knowing it is immune and not subject to suit) and at least one state official for the trial court to have subject-matter jurisdiction under § 41-22-10.