THOMPSON, Presiding Judge.
This court's opinion of June 1, 2018, is withdrawn, and the following is substituted therefor.
On February 9, 2017, Southcrest Bank ("Southcrest") filed an interpleader complaint in the Chilton Circuit Court ("the trial court"). Southcrest named as defendants to the action Eugene J. Atchison, Walter C. Hayden III, in his capacity as Atchison's guardian and as conservator of Atchison's estate, and several fictitiously named parties. In its complaint, Southcrest alleged that it had recently foreclosed on its mortgages on two parcels of real property ("the property") formerly owned by Atchison. Southcrest alleged in its complaint that it believed that Atchison was, at that time, physically and mentally incapacitated and living in a nursing home. Southcrest stated that the property had been sold in a foreclosure sale on January 18, 2017, and that, after the payment of the notes secured by its mortgages and certain expenses from the proceeds of the foreclosure sale, surplus funds totaling $15,352.95 remained. Southcrest claimed that it was unsure to whom to release the extra funds from the foreclosure sale, and it sought to interplead the funds into the court and requested an award of an attorney fee for filing the action. In support of its complaint, Southcrest submitted as exhibits documents evidencing Atchison's incapacity, as well as documents evidencing the foreclosure sale. The trial court entered an order allowing the surplus funds from the foreclosure sale to be paid into the court.
Hayden answered and moved the trial court to distribute funds to him for his guardian and conservator services and to the nursing home at which Atchison resided. On June 1, 2017, Hayden amended that claim to assert that Atchison had died on April 30, 2017, and that there was no balance *74 due the nursing home at that time. However, Hayden sought an award for additional time expended as Atchison's guardian and as conservator of Atchison's estate since the filing of his initial claim, and he stated that there existed an outstanding balance owed to Martin's Funeral Home for Atchison's funeral.
On March 16, 2017, Southcrest moved the trial court to add the Alabama Medicaid Agency ("Medicaid") as a defendant to the action. Southcrest alleged that it had recently learned that Medicaid had filed liens on each of the foreclosed parcels. The trial court entered an order adding Medicaid as a defendant. Southcrest then filed a motion again requesting an award of an attorney fee for filing the action and to be relieved of further liability.
Medicaid filed an answer and a claim asserting that it had a lien on the property in the amount of $24,902.70, which exceeded the amount of the funds deposited in the trial court. In support of its claim, Medicaid filed in the trial court documents supporting its assertion that on December 7, 2016, it had recorded liens against the property.
On June 2, 2017, the trial court entered a judgment determining that Medicaid had the right to redeem the property, that Hayden was entitled to a conservator's fee of $11,000, that $664 was to be paid to Martin's Funeral Home for the balance due for Atchison's funeral, and that Southcrest was entitled to a $750 attorney fee for filing the interpleader action.[1] The trial court then awarded the remainder of the interpleaded funds to Medicaid. The trial court amended the judgment twice to make slight adjustments to the amounts awarded in its June 2, 2017, judgment. Medicaid filed a timely postjudgment motion, which was denied by operation of law pursuant to Rule 59.1, Ala. R. Civ. P. Medicaid timely appealed.
Initially, we note that the record indicates that the case was submitted to the trial court based on the arguments of the parties and the documents filed as exhibits to the parties' pleadings and motions asserting claims to the interpleaded funds. The trial court did not receive ore tenus evidence. Medicaid does not argue on appeal that the trial court erred in failing to conduct an evidentiary hearing, and, therefore, any such argument is waived. Boshell v. Keith, 418 So.2d 89, 92 (Ala. 1982).
On appeal, Medicaid argues that, as a matter of law, its liens against the property had priority over the claims of the other parties claiming an interest in the interpleaded funds. Medicaid does not dispute that Southcrest's claim as the holder of the mortgages on the property was superior to Medicaid's claim. Medicaid argues that it was a junior lienholder to Southcrest and that Hayden, Martin's Funeral Home, and Southcrest, to the extent it claimed an attorney fee in the interpleader action, were unsecured creditors.
Medicaid relies on Bailey Mortgage Co. v. Gobble-Fite Lumber Co., 565 So.2d 138 (Ala. 1990). In that case, our supreme court stated:
"After the foreclosure sale of the mortgaged property, if there are no other liens on the property, any surplus must be paid to the mortgagor. 55 Am. Jur. 2d Mortgages § 930 (1971). However, if there are inferior liens and there is *75 a surplus, all encumbrances inferior to the mortgage on which the sale is based must be paid in the order of time in which they respectively became liens. 55 Am. Jur. 2d Mortgages § 931 (1971).
"If there are no surplus proceeds, the only remedy or recourse available to a junior encumbrancer is the right to redeem. The statutory right of redemption is set forth in Ala. Code 1975, § 6-5-230."
565 So.2d at 144 (emphasis added). See also Cochran v. Pate, 712 So.2d 1099, 1102 (Ala. Civ. App. 1998) (holding that, following a foreclosure action, a junior lienholder was entitled to at least a portion of the surplus funds from the foreclosure sale that remained after the initial debt to the mortgagee was satisfied).
In this case, the parties do not dispute that approximately $15,352.95 in proceeds from the foreclosure sale remained after the satisfaction of Southcrest's mortgages. Medicaid had liens on the property that, although they were inferior to Southcrest's mortgage lien, established its priority over nonlienholders to the surplus funds from the foreclosure sale. Bailey Mortgage, supra. Accordingly, we conclude that the trial court erred in awarding amounts to Hayden and Martin's Funeral Home before Medicaid's liens were satisfied.
Medicaid also contends that the trial court erred in awarding Southcrest the $750 attorney fee in the interpleader action. Normally, an award of an attorney fee from interpleaded funds is within the discretion of the trial court. Youngblood v. Bailey, 459 So.2d 855, 861 (Ala. 1984) ; see also Air Movers of Am., Inc. v. State Nat'l Bank of Alabama, 293 Ala. 312, 329, 302 So.2d 517, 533 (1974) ("[I]n interpleader suits, the court 'may' allow to one or more of the parties a reasonable sum for counsel fees payable out of the fund or property.").
However, as Medicaid points out, § 14 of the Alabama Constitution of 1901 provides that "the State of Alabama shall never be made a defendant in any court of law or equity." Moreover, " § 14 bars access to the State coffers, regardless of the amounts involved." Ex parte Bentley, 116 So.3d 201, 204 (Ala. 2012). We note that, although Medicaid did not raise this issue before the trial court, issues of sovereign immunity may be raised at any time. Alabama Dep't of Conservation & Natural Res. v. Kellar, 227 So.3d 1199, 1201 (Ala. 2017).
" ' "The wall of immunity erected by § 14 is nearly impregnable.... This immunity may not be waived .... 'This means not only that the state itself may not be sued, but that this cannot be indirectly accomplished by suing its officers or agents in their official capacity, when a result favorable to plaintiff would be directly to affect the financial status of the state treasury.' State Docks Comm'n v. Barnes, 225 Ala. 403, 405, 143 So. 581, 582 (1932) (emphasis added).' "
Alabama Dep't of Envtl. Mgmt. v. Town of Lowndesboro, 950 So.2d 1180, 1188 (Ala. Civ. App. 2005) (quoting Alabama Agric. & Mech. Univ. v. Jones, 895 So.2d 867, 872-73 (Ala. 2004), quoting in turn Patterson v. Gladwin Corp., 835 So.2d 137, 142 (Ala. 2002) ).
Medicaid is an agency of the State of Alabama. See § 22-6-7, Ala. Code 1975; Williams v. Hank's Ambulance Serv., Inc., 699 So.2d 1230, 1237 (Ala. 1997). "It is well established that state immunity under § 14 extends to state agencies." Alabama Dep't of Envtl. Mgmt. v. Town of Lowndesboro, 950 So. 2d at 1188. Reducing Medicaid's award to pay Southcrest's attorney fee would affect the State coffers. Accordingly, we must hold that the trial court erred in awarding an attorney fee to Southcrest.
*76 APPLICATION GRANTED; OPINION OF JUNE 1, 2018, WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED.
Pittman, Thomas, Moore, and Donaldson, JJ., concur.

The record contains no indication that, before the hearing on the merits, Martin's Funeral Home had been made a party to the action; its claim was mentioned by Hayden in his amended claim filed on June 1, 2017. The trial court added Martin's Funeral Home as a party to the action after it entered its June 2, 2017, judgment. No issue pertaining to Martin's Funeral Home's status as party to this action has been raised on appeal.